J-S58007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM SHANNON TRIVETT, | |
| Appellant | No. 485 MDA 2015 |

Appeal from the Judgment of Sentence May 1, 2014
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0001281-2013

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 19, 2015**

Appellant, William Shannon Trivett, appeals *nunc pro tunc* from the judgment of sentence entered on May 1, 2014.  On appeal, Appellant challenges the validity of his guilty plea and the legality of his sentence.  For the reasons discussed below, we affirm as to the guilty plea.  However, we are constrained to vacate the sentence, and remand for resentencing.

We take the underlying facts and procedural history in this matter from the trial court's April 28, 2015 opinion and our independent review of the certified record.

On February 1, 2013, the police arrested Appellant and charged him with involuntary deviate sexual intercourse (IDSI) with a child, aggravated

---

[*] Retired Senior Judge assigned to the Superior Court.

indecent assault of a child, two counts of indecent assault, four counts of unlawful contact with a minor, and corruption of minors.[1] The charges arose from Appellant's inappropriate sexual contact with his girlfriend's minor child (who was born in August 2000) between 2008 and 2010.

A jury trial on the aforementioned charges began on April 30, 2014, with jury selection and empanelment. On May 1, 2014, prior to the start of testimony, Appellant elected to enter an open guilty plea to the charges of IDSI with a child, aggravated indecent assault, two counts of indecent assault, unlawful contact with a minor and corruption of minors. (*See* N.T. Plea Hearing, 5/01/14, at 2-3). In return, the Commonwealth withdrew three counts of unlawful contact with a minor. During the plea colloquy, Appellant admitted that the minor was under age thirteen at the time of the incidents. (*See id.* at 11-12). Appellant waived his right to a presentence investigation and a presentence Sexual Offenders Assessment Board determination. (*See id.* at 4, 13). The trial court immediately sentenced Appellant to an aggregate mandatory minimum sentence[2] of not less than ten nor more than twenty years of incarceration to be followed by a five-year term of probation.

_____

[1] 18 Pa.C.S.A. §§ 3123(b), 3125(a)(7), 3126(a)(7), 6318(A)(1), and 6301(a)(1), respectively.

[2] *See* 42 Pa.C.S.A. § 9718.

On May 9, 2014, Appellant filed a motion to withdraw his guilty plea. The trial court denied the motion on May 12, 2014. On June 12, 2014, Appellant filed a notice of appeal. On June 13, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). Appellant filed a Rule 1925(b) statement on July 3, 2014. On August 11, 2014, this Court quashed Appellant's appeal as untimely.

On October 6, 2014, without permission of court, Appellant filed a notice of appeal *nunc pro tunc*. On October 10, 2014, Appellant filed a motion for leave to appeal *nunc pro tunc*. The trial court granted the motion on October 14, 2014. On December 23, 2014, this Court quashed Appellant's appeal.

Prior to this Court's quashal of Appellant's October 2014 appeal, on November 21, 2014, Appellant, without leave of court, filed another notice of appeal *nunc pro tunc*. The trial court did not take any action. On February 10, 2015, this Court quashed the appeal as untimely.

On February 13, 2015, Appellant filed a counseled petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, seeking, yet again, restoration of his direct appeal rights. The PCRA court granted the PCRA petition and restored Appellant's direct appeal rights. The PCRA court also granted counsel's request to withdraw. On March 6, 2015, the PCRA court appointed new counsel.

On March 13, 2015, Appellant filed a notice of appeal *nunc pro tunc*.[3] On March 30, 2015, Appellant filed a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). In his Rule 1925(b) statement, Appellant challenged the legality of his sentence. (***See*** Concise Statement of [Errors] Raised on Appeal, 3/30/15, at 1). On April 28, 2015, the trial court issued an opinion. ***See*** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:[4]

A. Whether the [trial c]ourt erred in denying Appellant's motion to withdraw his guilty plea?

B. Whether it was unlawful to subject Appellant to mandatory minimum sentences pursuant to 42 [Pa. C.S.A. §] 9718 in the wake of ***Alleyne v. United States*** [, 133 S.Ct. 2151 (2013),] and ***Commonwealth v. Newman*** [, 99 A.3d 86 (Pa. Super. 2014), *appeal denied*, 2015 WL 4960608 (Pa. August 7, 2015),] and similar precedents?

(Appellant's Brief, at 4).

In the first issue, Appellant claims that the trial court erred in denying his motion to withdraw his guilty plea. (***See*** Appellant's Brief, at 9). For the reasons discussed below, we find Appellant has waived this issue.

"[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before

---

[3] This Court received the notice of appeal on March 16, 2015. It is date-stamped "March 13, 2015" by the Clerk of Courts of Lancaster County. (***See*** Notice of Appeal, 3/13/15, at 1).

[4] For ease of disposition, we have reordered the issues in Appellant's appeal.

- 4 -

withdrawal is justified. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation omitted). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted).

Further, when a defendant has entered a guilty plea, we presume that he was aware of what he was doing; it is his burden to prove that the plea was involuntary. ***See Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001). Accordingly, where the record clearly shows the court conducted a guilty plea colloquy and that the defendant understood the nature of the charges against him, the plea is voluntary. ***See id.***

The entry of a guilty plea results in a waiver of all defects and defenses except for those that challenge the jurisdiction of the court, the validity of the guilty plea, or the legality of the sentence. ***See Commonwealth v. Syno***, 791 A.2d 363, 365 (Pa. Super. 2002). Because Appellant filed his challenge to the validity of his guilty plea following the imposition of sentence, he must make a showing of manifest injustice. ***See Commonwealth v. Gunter***, 771 A.2d 767, 771 (Pa. 2001).

Here, Appellant did not raise this claim in his Rule 1925(b) statement. (***See*** Concise Statement of Matters Raised on Appeal, 3/30/15, at 1). As

amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009). Accordingly, we find that because Appellant did not raise this issue in his Rule 1925(b) statement, he waived this claim.[5]

In the second issue, Appellant challenges the legality of his sentence. (**See** Appellant's Brief, at 8-9). Specifically, Appellant argues that the application of the mandatory minimum sentencing provisions set forth at 42 Pa.C.S.A. § 9718 violates the United States Supreme Court's decision in **Alleyne**. (**See id.** at 8). For the reasons set forth below, we are constrained to agree and remand for a new sentencing hearing.

"Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary."

---

[5] Moreover, even if Appellant had raised the issue in his Rule 1925(b) statement, we would still find that he had waived the claim, because his argument on this issue consists of two sentences. (**See** Appellant's Brief, at 9). It is Appellant's responsibility to develop arguments in his brief; where he has not done so we will find the claim waived. **See Commonwealth v. Tielsch**, 934 A.2d 81, 93-94 (Pa. Super. 2007), *appeal denied*, 952 A.2d 677 (Pa. 2008), *cert. denied*, 555 U.S. 1072 (2008) (court will not consider undeveloped arguments).

*Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa. Super. 2012),

*appeal denied*, 53 A.3d 756 (Pa. 2012) (citation omitted).

The statute at issue in the present matter is 42 Pa.C.S.A. § 9718,

which provides in pertinent part:

> **(a) Mandatory sentence.—**
>
>> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>>
>> * * *
>>
>>> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)— not less than ten years.
>>>
>>> 18 Pa.C.S. § 3125(a)(1) through (6) (relating to aggravated indecent assault)—not less than five years.
>>
>> * * *
>
> **(c) Proof at sentencing.—**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9718(a)(1), (c).

In **Alleyne**, the United States Supreme Court held that "facts that

increase mandatory minimum sentences must be submitted to the jury" and

must be found beyond a reasonable doubt. ***Alleyne***, ***supra*** at 2163. This Court explained the rationale of ***Alleyne*** as follows:

> ***Alleyne*** is an extension of the Supreme Court's line of cases beginning with ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In ***Alleyne***, the Court overruled ***Harris v. United States***, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact finding which raises the minimum sentence and that which raises the maximum sentence.
>
> > It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime. Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, *ex ante*, the contours of the penalty that the legislature affixed to the crime— and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling. A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.
> >
> > Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior? This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.

*Alleyne*, *supra* at 2160–61 (internal quotation marks and citations omitted).

*Commonwealth v. Miller*, 102 A.3d 988, 994-95 (Pa. Super. 2014).

In light of **Alleyne**, this Court has declared unconstitutional those of Pennsylvania's mandatory minimum sentencing statutes that permit a trial court, rather than a jury, to make the critical factual findings for sentencing. **See Commonwealth v. Cardell**, 105 A.3d 748, 751 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015) (holding mandatory minimum sentences pursuant to 18 Pa.C.S.A. § 7508, which concern weight of narcotics possessed by drug dealer, unconstitutional); **Commonwealth v. Valentine**, 101 A.3d 801, 810-12 (Pa. Super. 2014) (holding 42 Pa.C.S.A. § 9712, which concerned mandatory minimum sentencing for certain crimes committed with firearm unconstitutional); **Newman**, **supra** at 90 (holding 42 Pa.C.S.A. § 9712.1, which imposes mandatory minimum sentencing for possessing firearm in close proximity to narcotics unconstitutional).

In **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 2015 WL 4755651 (Pa. August 12, 2015), this Court considered the constitutionality of Section 9718, the statute at issue in the case *sub judice*. In light of **Alleyne**, **Newman**, and **Valentine**, we held that Section 9718 was facially unconstitutional because the elements of the "proof at sentencing" provision required a trial judge, not a jury, make the factual findings by a preponderance of the evidence, and not beyond a reasonable doubt. **Id.** at 802, 805.

Because subsection (a)(1), which the trial court applied in the instant matter, uses the same "[p]roof at sentencing" provision as in ***Wolfe***, we are constrained to conclude that its application here was unconstitutional and the sentence illegal.

We are sympathetic to the Commonwealth's argument that, because of the guilty plea, no ***Alleyne*** issue exists. (***See*** Commonwealth's Brief, at 8-9). However, it is evident from the record that the trial court sentenced Appellant pursuant to 42 Pa.C.S.A. § 9718. (***See*** N.T. Plea Hearing, 5/01/14, at 2, 24-25). In ***Wolfe***, this Court found Section 9718 to be facially unconstitutional. ***See Wolfe***, ***supra*** at 805. That decision is binding upon this Court. ***See Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa. Super. 2006), *appeal denied*, 946 A.2d 686 (Pa. 2008), *cert. denied*, 555 U.S. 881 (2008) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court.") (citations omitted).

Thus, because the trial court sentenced Appellant pursuant to an unconstitutional statute, he must be resentenced. Therefore, in sum, we find Appellant waived his claim that the trial court erred in denying his motion to withdraw his guilty plea but we vacate the judgment of sentence, and we remand this matter for resentencing without consideration of the mandatory minimum sentencing provision at issue in this case.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2015