**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Frank SYNO, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 22, 2001.

Filed Jan. 15, 2002.

David W. Lupas, Asst. Dist. Atty., Wilkes-Barre, for Commonwealth, appellant.

Joseph F. Sklarosky, Jr., Forty Fort, for appellee.

Before DEL SOLE, President Judge, MUSMANNO and HESTER, JJ.

MUSMANNO, J.

¶ 1 The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed following Appellee Frank Syno's ("Syno") guilty plea to one count of possession of a controlled substance.[1] We affirm.

¶ 2 The relevant facts and procedural history of this case are as follows. On March 22, 2001, the trial court imposed sentence on Syno after he pled guilty to the charges set forth in three criminal informations. On one of these criminal informations, No. 3997 of 2000, Syno pled guilty to possession of a controlled substance (heroin).[2] On this charge, the trial court sentenced Syno to a prison term of ninety (90) days, and to the intermediate punishment program ("IPP") for a two-year period, of which the first six (6) months were house arrest with electronic monitoring. As a condition of his sentencing, the trial court ordered Syno to undergo drug and alcohol evaluation,

---

1. 35 P.S. § 780–113(a)(30).

2. For the purpose of this appeal, we will only address the trial court's sentencing as to Syno's guilty plea to one count of possession of a controlled substance, which was one of three charges set forth in criminal information No. 3997 of 2000.

which included random testing. Upon being sentenced, Syno was immediately released from custody as he had already served more than ninety (90) days in prison. The prosecutor objected to sentencing Syno to the IPP, asserting that this sentence did not comply with the intermediate punishment statute, 42 Pa.C.S.A. § 9800 *et seq.*, because the Luzerne County Adult Probation Department denied Syno's application to the intermediate punishment program. The prosecutor argued that this denial of application rendered Syno ineligible for the IPP. This timely appeal followed.

◼ ¶ 3 On appeal, the Commonwealth raises one issue: whether the trial court erred in sentencing Syno to IPP following a term of incarceration, after the Luzerne County Adult Probation Department found Syno ineligible for the IPP. Brief for Appellant at 6. In his counter-statement of questions involved, Syno contends that the Commonwealth's Statement filed pursuant to Pa.R.A.P. 2119(f) does not present a substantial question. However, because the Commonwealth challenges the legality of the sentence and not the discretionary aspects of the sentence, we conclude that Pa.R.A.P. 2119(f) does not apply.

◼ ¶ 4 Once a defendant has entered a plea of guilty, the only matters that may be raised on appeal are the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence. *Commonwealth v. Kinney*, 777 A.2d 492, 493 (Pa.Super.2001) (quoting *Commonwealth v. Fogel*, 741 A.2d 767, 769 (Pa.Super.1999)). If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. *Kinney*, 777 A.2d at 494 (quoting *Commonwealth v. Arest*, 734 A.2d 910, 912 (Pa.Super.1999)). An illegal sentence must be vacated. *Kinney*, 777 A.2d at 494 (citation omitted).

¶ 5 Subsection (a) of section 9721 of the Pennsylvania Sentencing Code sets forth the general sentencing alternatives and provides in pertinent part:

### § 9721.  Sentencing generally

**(a) General Rule.**—In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(6) Intermediate Punishment.

**(a.1) Exception.**—Unless specifically authorized under section 9763 (relating to intermediate punishment), subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law.

42 Pa.C.S.A. § 9721(a), (a.1).

¶ 6 Here, the trial court sentenced Syno to a prison term of ninety (90) days combined with two (2) years of intermediate punishment. Subsection c. 1 of section 9756 of the Pennsylvania Sentencing Code, which governs sentences of total confinement combined with a sentence of intermediate punishment, provides as follows:

### § 9756.  Sentence of total confinement

**(c.1) Sentence of total confinement combined with sentence of intermediate punishment.**—The court may impose a sentence of imprisonment without parole under this subsection only when:

(1) the period of total confinement is followed immediately by a sentence pursuant to section 9763 (re-

lating to sentence of intermediate punishment) in which case the sentence of total confinement shall specify the number of days of total confinement also to be served; and

(2) the maximum sentence of total confinement imposed on one or more indictments to run consecutively or concurrently [totals] 90 days or less.

¶ 7 To sentence a defendant to a county IPP, section 9804(b)(1) of the Pennsylvania Sentencing Code mandates that "no person other than the eligible offender shall be sentenced to a county [IPP]." 42 Pa.C.S.A. § 9804(b)(1). Section 9802 of the Pennsylvania Sentencing Code defines an "eligible offender" as "a person convicted of an offense who would otherwise be sentenced to a county correctional facility, who does not demonstrate a present or past pattern of violent behavior and who would otherwise be sentenced to partial confinement pursuant to section 9724 (relating to partial confinement) or total confinement pursuant to section 9725 (relating to total confinement)." 42 Pa.C.S.A. § 9802. In addition, section 9802 deems ineligible for IPP offenders who were convicted of certain offenses, not including the offense of possession of a controlled substance.

¶ 8 Here, the Commonwealth asserts that section 9804(b) restricts the trial court's authority to sentence a defendant to intermediate punishment. 42 Pa.C.S.A. § 9804(b). The Commonwealth argues that in accordance with section 9804(b), the trial court may not sentence a defendant to an IPP unless (1) the sentence is pursuant to a county IPP that follows the guidelines of the Pennsylvania Commission on Crime and Delinquency, and (2) the County Adult Probation Department approves the defendant's application for an IPP.

¶ 9 Based on our thorough review of the intermediate punishment statute and related statutory provisions, we conclude that the Commonwealth's interpretation of the statute is incorrect. Nowhere in the statute does it state that the eligibility of a defendant is to be determined by the County Adult Probation Department. *See* 42 Pa.C.S.A. § 9800 *et seq.* The definition of an "eligible offender" pursuant to the statute limits the implementation of intermediate punishment to certain specified offenders. *See* 42 Pa.C.S.A. § 9802. Furthermore, there is no statutory provision that empowers the County Adult Probation Department with the authority to grant or deny alternative sentencing to a defendant, as this determination is within the sound discretion of the trial court pursuant to 42 Pa.C.S.A §§ 9721(a) and 9756(c.1). Accordingly, we affirm the judgment of sentence.

¶ 10 Judgment of sentence affirmed.