# Commonwealth v. Henderson

*Jesse Leisawitz, assistant district attorney,* for Commonwealth at trial.

*Alisa R. Hobart, district attorney,* for Commonwealth on appeal.

*Eric C. Diggan,* for defendant.

BOCCABELLA, *J.,* January 13, 2011— On September 15, 2010, this court accepted Ramon Gaspar Henderson's (hereinafter "defendant") negotiated plea of guilty to the charge of count two (2) driving under the influence of alcohol.[1] On the same day, this court sentenced the defendant to not less than ninety (90) days nor more than five (5) years incarceration in the Berks County Jail System and a fifteen hundred dollar ($1,500.00) fine. As a special condition, in lieu of incarceration, the defendant was placed on electronic monitoring for ninety (90) days, which was to run concurrent to count three (3) on CP-45-CR-224-2010.

On October 15, 2010, the commonwealth, by and through counsel Alisa R. Hobart, Esquire, filed a notice of appeal to the Superior Court of Pennsylvania. On October 22, 2010, this court ordered the commonwealth as appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925. On November 3, 2010, the commonwealth filed its concise statement. The following issue has been set forth for appellate review:

1. Whether the trial court imposed an illegal sentence by allowing the defendant to serve the mandatory incarceration portion of his sentence on electronic monitoring after the defendant failed to comply with the terms of the Second Time Offender Program (S.T.O.P) and was removed from that program. See *Commonwealth v. Kriston,* 527 Pa. 90, 588 A.2d 898

---

1. 75 Pa.C.S.A. §3802(c).

(Pa.1991); *Commonwealth v. Koskey*, 571 Pa. 241, 812 A.2d 509 (Pa. 2002); *Commonwealth v. Griffith*, 950 A.2d 324 (Pa. Super. 2008).

## FACTUAL SUMMARY

On December 28, 2009, at approximately 2:15 p.m.. Corporal Oesterling responded to Route 422 east near Hillview Road in response to an overturned vehicle. Based on his observations at the scene, Corporal Oesterling placed the defendant under arrest for suspicion of DUI. A blood test revealed the defendant's BAC to be .407%. On September 15, 2010, this court accepted the defendant's negotiated plea of guilty to the DUI charge. On the same day, this court sentenced the defendant to not less than ninety (90) days nor more than five (5) years incarceration in the Berks County Jail System and a fifteen hundred dollar ($1,500.00) fine. As a special condition, in lieu of incarceration, the defendant was placed on electronic monitoring for ninety (90) days, which was to run concurrent to count three (3) on CP-45-CR-224-2010.

## DISCUSSION

The commonwealth's appeal presents the sole issue of whether the court sentenced the defendant to an illegal sentence. The commonwealth asserts that the sentence is illegal due to the court allowing the defendant to serve the mandatory incarceration of his sentence on electronic monitoring.

A claim that the trial court imposed an illegal sentence is a matter of law and, accordingly, the Superior Court's scope of review is plenary. *Commonwealth v. Evans,* 901 A.2d 528, 536 (Pa. Super. 2006). An illegal sentence

exists if no statutory authorization exists for a particular sentence. *Commonwealth v. Griffith*, 950 A.2d 324, 325 (Pa. Super. 2008), quoting *Commonwealth v. Kinney*, 777 A.2d 492, 494 (Pa. Super. 2001) (citations omitted).

A sentence will not be overturned unless the record shows a manifest abuse of discretion, which is more than mere error in judgment. *Commonwealth v. Redman*, 864 A.2d 566, 569 (Pa. Super. 2004), appeal denied, 875 A.2d 1074 (Pa. 2005), quoting *Commonwealth v. Cunningham*, 805 A.2d 566 (Pa. Super. 2002). A manifest abuse of discretion may be found only where the record establishes that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999).

The motor vehicle code provides in pertinent part:

(c) Incapacity; highest blood alcohol; controlled substances. - An individual who violates section 2802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:

(2) For a second offense, to:

(i) undergo imprisonment of not less than 90 days;

(ii) pay a fine of not less than $1,500;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment

requirements imposed under sections 3814 and 3815. 75 Pa. C.S.A. §3804(c)(2)(i-iv).

This court is amenable to amending the sentence to state that it is a county IP sentence. See 42 Pa.C.S.A. §9804. Berks County has an IP program and this court has found that the defendant is appropriate for the program. A determination regarding whether or not to grant or deny alternative sentencing is within the sound discretion of the trial court. *Commonwealth v. Syno*, 791 A.2d 363, 366 (Pa. Super. 2002). The Pennsylvania Superior Court, sitting en banc, has stated that:

> In adopting IPP as a sentencing alternative, "[t]he Legislature's intent was to give judges another sentencing option which would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders; to make the offender more accountable to the community; and to help reduce the county jail overcrowding problem while maintaining public safety." *Id.* At 534. Thus, the grant or denial of a defendant's request for IPP is largely within the sound discretion of the trial court. *Commonwealth v. Williams*, 941 A.2d 14,24 (Pa. Super. 2008) (en banc), quoting *Commonwealth v. Arthur Williams*, 868 A.3d 529, 534 (Pa. Super. 2005), appeal denied, 890 A.2d 1059 (Pa. 2005) and citing *Syno*, 791 A.2d 363.

In this case, the court's intention is to sentence the defendant to county IP. It is semantics whether the defendant is given an intermediate punishment sentence or is given a sentence with intermediate punishment as a

special condition. The plea agreement was for the ninety (90) days to five (5) years timeframe and the court has the discretion to sentence the defendant to electronic monitoring (County IP). As evidenced in *Syno*, the court has the discretion to sentence the defendant to county IP whether the DA's office or adult probation office likes it or not. *Syno*, 791 A.2d at 366 ("Nowhere in the statute does it state that the eligibility of a defendant is to be determined by the county adult probation department.").

For the foregoing reasons this court respectfully requests that the sentence imposed on the defendant be affirmed on appeal.