J-S10034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCUS D. BROOKING, | |
| Appellant | No. 806 EDA 2015 |

Appeal from the Judgment of Sentence December 8, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0012983-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED FEBRUARY 08, 2016**

Appellant, Marcus D. Brooking, appeals *nunc pro tunc* from the judgment of sentence imposed on December 8, 2014, following his negotiated guilty plea to murder of the third degree and related offenses. Appellant's counsel has filed a brief and a petition to withdraw under ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous.  We affirm the judgment of sentence and grant counsel's request to withdraw.

On November 4, 2013, the Commonwealth filed a criminal information charging Appellant with murder, attempted murder, aggravated assault, recklessly endangering another person, and related weapons offenses.  (**See**

_____

[*] Retired Senior Judge assigned to the Superior Court.

Information, 11/04/13, at 1-2). The charges arose from Appellant's shooting of the victim on August 20, 2013. (**See** N.T. Guilty Plea, 12/08/14, at 159-64).

On December 8, 2014, following jury selection, Appellant *sua sponte* stated that he wanted to plead guilty; after discussion with counsel, Appellant entered a negotiated guilty plea to one count of murder of the third degree and two counts of weapons offenses. (**See id.** at 152). In return for Appellant's guilty plea, the Commonwealth agreed to *nol prosse* the remaining charges and to an aggregate sentence of not less than twenty-three nor more than forty-six years of incarceration. (**See id.**). Appellant signed a written guilty plea colloquy. (**See** Written Guilty Plea, 12/08/14, at 3).

At the plea hearing, Appellant expressed his satisfaction with counsel's stewardship and stated that he was pleading guilty of his own free will. (**See** N.T. Guilty Plea, at 152, 155, 158). In the written plea colloquy, Appellant agreed that the Commonwealth did not make any promises other than the agreed-upon sentence, that he was satisfied with counsel, and that he admitted that he was guilty. (**See** Written Guilty Plea, at 1-3). Following his guilty plea, the trial court immediately sentenced Appellant in accordance with the terms of the negotiated guilty plea. (**See** N.T. Guilty Plea, at 177-78).

On December 16, 2014, Appellant filed a motion to withdraw his guilty plea, claiming that the Commonwealth's untimely disclosure of a videotape unduly influenced his decision to plead guilty. (**See** Motion to Withdraw Guilty Plea, 12/16/14, at unnumbered page 2). Following a hearing, in which Appellant amended his motion to claim that he received ineffective assistance of plea counsel and that his family pressured him into pleading guilty, the trial court denied the motion. (**See** N.T. Motion Hearing, 12/19/14, at 13-14).

On February 10, 2015, Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, seeking restoration of his direct appeal rights. The PCRA court granted the motion on March 19, 2015. The instant, timely appeal followed.

On March 20, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On April 9, 2015, counsel sought an extension of time to file the Rule 1925(b) statement, which the trial court granted. On April 15, 2015, counsel filed a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4). On May 12, 2015, the trial court filed an opinion. **See** Pa.R.A.P. 1925(a). In June 2015, despite being represented by counsel, Appellant filed a *pro se* thirty-two page Rule 1925(b) statement. The trial court did not issue any additional opinions.

On July 8, 2015, counsel filed a motion to withdraw in this Court. After receiving permission from this Court, Appellant filed a *pro se* brief.

On appeal, the **Anders** brief raises the following question for our review:

A. Whether there are any issues of arguable merit that could be raised on appeal presently before this Court and whether the appeal is wholly frivolous?

(**Anders** Brief, at 4) (unnecessary capitalization omitted).

In his *pro se* brief, Appellant raises the following questions for our review:

A. Whether there are any issues of arguable merit that could be raised on appeal presently before this Court?

B. Whether counsel's assessment that appeal is frivolous, is in fact an incomplete and incorrect assessment of this appeal?

C. Whether Appellant's supplemented assessment that appeal is meritorious is in fact correct?

D. Whether trial judge made numerous (law, procedure, principle, Pennsylvania and United States constitutional) errors?

(Appellant's *Pro Se* Brief, at 5) (unnecessary capitalization omitted).

Appellant's counsel has petitioned for permission to withdraw and has submitted an **Anders** brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. **See Anders**, **supra** at 744. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> . . . (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. When we receive an *Anders* brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. *See Commonwealth v. Garang*, 9 A.3d 237, 240-41 (Pa. Super. 2010). In addition, "[p]art and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant matter, counsel has substantially complied with all the requirements of *Anders* and *Santiago*. Specifically, he has petitioned this Court to withdraw because "Appellant has no issues of merit to raise on appeal." (Motion to Withdraw as Counsel, 7/08/15, at 2). In addition, after his review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with citations to the record, refers to any facts or legal theories that arguably support the appeal, and explains why he believes the appeal is frivolous. (*See Anders* Brief, at 5-12). Lastly, he has attached, as an exhibit to his motion to withdraw, a copy of the letter sent to Appellant giving notice of his rights, and including a copy of the *Anders* brief and the petition. (*See* Motion to Withdraw as Counsel, 7/08/15, at Appendix A); *see also Commonwealth v. Millisock*, 873 A.2d

748, 751-52 (Pa. Super. 2005). As noted above, Appellant has filed a lengthy *pro se* brief. Because counsel has substantially complied with the dictates of **Anders**, **Santiago**, and **Millisock**, we will examine the issue set forth in the **Anders** brief and the overlapping issues in the *pro se* brief. **See Garang**, **supra** at 240-41.

In both the **Anders** and *pro se* briefs, Appellant claims that his guilty plea was not knowing, intelligent, and voluntary. (**See Anders** Brief, at 8-12). Specifically, in his *pro se* brief, he claims that he received ineffective assistance of plea counsel. (**See** Appellant's *Pro Se* Brief, at 21-26). Appellant does not proclaim his actual innocence but appears to allege that he had meritorious suppression issues, which counsel did not raise below, and/or that the trial court erred in denying his motion to suppress DNA evidence. (**See id.** at 17-20, 24). We disagree.

"[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation and internal quotation marks omitted). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997)

- 6 -

(citation and internal quotation marks omitted). Further, when a defendant has entered a guilty plea, we presume that he was aware of what he was doing; it is his burden to prove that the plea was involuntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). Accordingly, where the record clearly shows the court conducted a guilty plea colloquy and that the defendant understood the nature of the charges against him, the plea is voluntary. *See id.* In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. *See id.* At a minimum, the trial court must inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted). This examination may be conducted by defense counsel or the attorney for the Commonwealth, as permitted by the Court. *See* Pa.R.Crim.P. 590, Comment. Additionally, the examination may consist

of both a "written colloquy that is read, completed, signed by the defendant, and made part of the record," and an on-the-record oral examination. ***Id.***

The entry of a guilty plea results in a waiver of all defects and defenses except for those that challenge the jurisdiction of the court, the validity of the guilty plea, or the legality of the sentence. ***See Commonwealth v. Syno***, 791 A.2d 363, 365 (Pa. Super. 2002). Because Appellant filed his challenge to the validity of his guilty plea following the imposition of sentence, he must make a showing of manifest injustice. ***See Commonwealth v. Gunter***, 771 A.2d 767, 771 (Pa. 2001).

Initially, we note that Appellant's claim that he received ineffective assistance of plea counsel is premature. (***See*** Appellant's *Pro Se* Brief, at 21-26). Appellant must raise claims of ineffective assistance of counsel on collateral review. ***See Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). Accordingly, we dismiss this claim without prejudice for Appellant to seek collateral review under the PCRA, in accordance with the Pennsylvania Supreme Court's opinion in ***Commonwealth v. Grant***, 813 A.2d 726, 737 (Pa. 2002). ***See Holmes***, ***supra*** at 576.

In any event, the record in the instant matter amply demonstrates that Appellant's guilty plea was knowing, intelligent and voluntary. Specifically, following jury selection, Appellant *sua sponte* requested to plead guilty. (***See*** N.T. Guilty Plea, at 152). Appellant signed a four-page written plea colloquy in which he agreed that he was satisfied with the advice by,

and representation of, counsel. (**See** Written Guilty Plea Colloquy, at 3). The trial court then engaged in a detailed oral plea colloquy, which covered all six grounds discussed above, and advised Appellant that, if he pleaded guilty, he would not be able to challenge the validity of its ruling on his motion to suppress. (**See** N.T. Guilty Plea, 1at 152-57, 167). Appellant stated that he was satisfied with counsel's representation and pleading guilty of his own free will. (**See *id.*** at 152, 158-59, 167). In addition, to the extent that Appellant claims that he lied when entering his guilty plea and that counsel induced that lie,

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> \* \* \*
>
> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Yeomans***, ***supra*** at 1047 (citation omitted). Accordingly, Appellant's claim lacks merit, and the trial court did not commit manifest injustice by denying Appellant's post-sentence motion to withdraw his guilty plea.

Appellant's issues do not merit relief. Further, this Court has conducted an independent review of the record as required by **Anders** and **Santiago** and finds that no meritorious issues exist.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/8/2016