J-S10012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| BERNICE HAYNES, | |
| Appellee | No. 189 EDA 2016 |

Appeal from the Judgment of Sentence Entered November 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000812-2015

BEFORE:  BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 16, 2017**

The trial court sentenced Appellee, Bernice Haynes, to 11½-23 months' house arrest, to be followed by 6 years' probation, following her guilty plea to aggravated assault.  In this appeal, the Commonwealth contends that Appellee's sentence is illegal and, alternatively, it challenges the discretionary aspects of her sentence.  After careful review, we vacate Appellee's judgment of sentence and remand for resentencing.

At Appellee's guilty plea hearing, the Commonwealth summarized the factual basis for Appellee's plea as follows:

> On December 15th, 2015, police were called to 1557 North Frazier Street in Philadelphia where they came into contact with [Appellee] who told police that her [son] was missing.  He actually was hiding in the backyard.  The complainant, who was eight years old, had a burn to his face.
>
> It was learned though the investigation that [Appellee] heated up a spoon and held it to her child's face enough to cause second degree burns and a scar on the child's face.

N.T. Guilty Plea, 9/22/15, at 5.

Based on these facts, Appellee pled guilty to a single count of aggravated assault, 18 Pa.C.S. § 2702(a)(1), a first-degree felony. The trial court accepted Appellee's guilty plea, ordered the production of a pre-sentence investigation report, and deferred sentencing until November 20, 2015. On that date, Appellee was sentenced as noted above. The Commonwealth filed a timely, post-sentence motion for modification of the sentence on November 30, 2015, which was denied by the trial court on December 17, 2015. On January 11, 2016, the Commonwealth filed a timely notice of appeal, as well as a preemptive Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on July 12, 2016.

The Commonwealth now presents the following question for our review:

> Did the lower court impose an illegal sentence and abuse its discretion by imposing a term of 11½ to 23 months of house arrest followed by six years of probation for aggravated assault as a felony of the first degree where, *inter alia*, defendant microwaved a spoon and inflicted second–degree burns to the face of her 8-year-old son?

Commonwealth's Brief, at 5.

We first address whether Appellee's sentence is illegal. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Syno**, 791 A.2d 363, 365 (Pa. Super. 2002). "An illegal sentence must be vacated." **Id.**

The Commonwealth contends that Appellee's sentence of house arrest, a form of county intermediate punishment (hereinafter "CIP"), is illegal pursuant to 42 Pa.C.S. § 9802, as her conviction for aggravated assault disqualifies her for CIP. In its opinion, the trial court agrees with the Commonwealth's assessment that Appellee's sentence is illegal, and recommends that this Court vacate Appellee's sentence and remand this matter for resentencing.

The County Intermediate Punishment Act, 42 Pa.C.S. §§ 9801-9813, governs house arrest and all other forms of CIP. Section 9802 sets forth the definition of what constitutes an "[**e**]**ligible offender**" for purposes of CIP; that provision states, in pertinent part, that:

> The term does not include … an offender with a current conviction or a prior conviction within the past ten years for any of the following offenses:
>
> …
>
> 18 Pa.C.S. § 2702 (relating to aggravated assault).

42 Pa.C.S. § 9802.

Appellee's current conviction is for aggravated assault. Accordingly, Appellee is not eligible for any form of CIP, including house arrest. Thus, we agree with the Commonwealth and the trial court that Appellee's CIP sentence of house arrest is illegal and must be vacated. As such, we do not reach the Commonwealth's alternative claim, which pertains to the discretionary aspects of Appellee's sentence.

Judgment of sentence **vacated**.  Case **remanded** for resentencing.[1]

Jurisdiction **relinquished**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2017

---

[1] The record below indicates that Appellee's counsel, William Joseph Ciancaglini, Esq., filed a motion to withdraw in the trial court on February 24, 2016.  However, it does not appear that the trial court ruled on that motion.  Nevertheless, we stress to the trial court that Appellee is entitled to the appointment of new counsel for resentencing proceedings if Appellee is no longer being represented by Attorney Ciancaglini.