**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD R. RHINEHART, III | : | |
| | : | |
| Appellant | : | No. 1780 MDA 2019 |

Appeal from the PCRA Order Entered June 11, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000015-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD R. RHINEHART, III | : | |
| | : | |
| Appellant | : | No. 1781 MDA 2019 |

Appeal from the PCRA Order Entered June 11, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000016-2018

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED DECEMBER 17, 2020**

Donald R. Rhinehart, III, appeals *pro se* from the dismissal of his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Rhinehart claims, *inter alia*, that his counsel was ineffective in connection with his plea of no contest and during his direct appeal. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

In addition, Rhinehart has filed a Motion for an Evidentiary Hearing, which we deny.

In October 2017, the Commonwealth filed a Complaint alleging that Rhinehart had been in a relationship with a minor since May 2015. *See* PCRA Ct. Op., 1/13/20, at 1. Rhinehart "would pay the minor to tie him down, waterboard him, cut him, and burn him for the purpose of sexual gratification." *Id.* (citing Criminal Compl., 10/25/17, at ¶ 5). Rhinehart would also "send text messages, e-mails, and call the minor to discuss their encounters and profess his love to the minor," and repeatedly requested "nude photographs and sexual acts from the minor." *Id.* at 1-2 (citing Criminal Compl. at ¶ 1, 3, 4, 6). The Complaint further alleged that while police were investigating Rhinehart, he told the minor not to cooperate with the police investigation, and told the minor's mother "the investigation would ruin both his and the minor's lives, and he would leave the minor alone in exchange for the discontinuation of the investigation." *Id.* (citing Criminal Compl. at ¶ 7, 9).

The Commonwealth charged Rhinehart with multiple crimes. Rhinehart retained private counsel, and on the day trial was to begin, he entered a negotiated plea of no contest to one count of Intimidation of Witness or Victim and one count of Corruption of Minors.[1] The court conducted an on-the-record colloquy, in which it notified Rhinehart of the elements of the crimes to which he was pleading no contest, and stated the maximum penalties for each

---

[1] 18 Pa.C.S.A. §§ 4952(a)(1) and 6301(a)(1)(ii), respectively.

offense. *See* N.T., 8/3/18, Plea Hearing, at 10-12. The Commonwealth stated the factual basis for each charge, which the court described as "a summary of the evidence that the Commonwealth says it would be able to produce." *Id.* at 13-14. Rhinehart agreed that the Commonwealth "would be able to introduce that evidence" to support the charges. *Id.* at 14. The court explained Rhinehart's right to a jury trial and appeal, and the presumption of innocence. *Id.* at 14-16. Rhinehart confirmed that he was entering a plea of no contest "of his own free will." *Id.* at 17. Pursuant to the terms of the agreement, the other charges were *nolle prossed* following the plea of no contest, and the court sentenced Rhinehart to an aggregate of three to eight years' incarceration.

Rhinehart filed a timely notice of appeal, but Rhinehart's appellate counsel discontinued the appeal on October 29, 2018. *See* Nos. 1464 MDA 2018, 1465 MDA 2018. Shortly thereafter, the trial court received a *pro se* letter from Rhinehart, dated November 25, 2018, confirming Rhinehart wished to discontinue the appeal. The letter stated, "I need to withdraw my appeal immediately due to what will happen if I continue it/due to being threatened. And it doesn't matter why I want it withdrawn/why I must, only that I'm the defendant + if I say to withdraw the appeal: It must be withdrawn." Pro Se Correspondence, 11/25/18, at 1.

Approximately three and a half months after his direct appeal was discontinued, on February 17, 2019, Rhinehart sent a *pro se* letter to the trial court stating he wanted to file a petition, "AKA a PCRA," to raise claims that

plea and direct appeal counsel were ineffective, and asking the court to appoint counsel. Letter from Rhinehart to Clerk of Courts, dated Feb. 17, 2019, at 1 (unpaginated). The court treated the letter as a PCRA petition and appointed counsel, who subsequently filed a ***Turner/Finley***[2] no-merit letter and motion to withdraw. Counsel's no-merit letter stated that he had spoken with Rhinehart on the telephone, and Rhinehart had asked him to raise a claim that plea counsel was ineffective for not reviewing discovery documents until two days before the plea hearing. Counsel also said Rhinehart had asked him to argue that his constitutional rights in general were violated and his plea was unlawfully induced. Counsel stated he found those claims meritless and had discovered no other potentially meritorious claims.

The PCRA court sent Rhinehart notice of its intention to dismiss his Petition without a hearing. ***See*** Pa.R.Crim.P. 907(1). Rhinehart filed a *pro se* response criticizing PCRA counsel for not pursuing his claims, and requesting an extension of time in which to file an amended PCRA petition. However, his response to the notice did not identify any issues in addition to those counsel had identified in his ***Turner/Finley*** letter. The court granted counsel leave to withdraw and dismissed the Petition. Through leave of court, Rhinehart filed a *nunc pro tunc* notice of appeal.[3]

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Although both of the notices of appeal Rhinehart filed reference both docket numbers, because he filed two separate notices, he has conformed to the requirements of Rule 341. ***See Commonwealth v. Johnson***, 2020 PA Super 164 (filed July 9, 2020).

Rhinehart's appellate brief lists a multitude of issues:

1). Did trial counsel render grossly ineffective assistance of counsel by having [Rhinehart] plead guilty to charges by:

> (A). Was trial counsel [sic] advice erroneous and prejudicial concerning [Rhinehart's] right to stand trial?

> (B). Was trial counsel performance ineffective when the plea did not meet the standard of objective reasonableness?

2). Did trial counsel's lack of trial preparation, performance, and erroneous decision making cause her to be so ineffective that [Rhinehart] was under duress to plead guilty, even when he always asserted he was innocent? Facts to support this are:

> (A). Counsel stated if [Rhinehart] went to trial she wouldn't question plaintiff/victim (or mention) regarding the following:

>> 1). Text messages, voicemails, emails, videos, social media postings which would show the plaintiff's/victim's violent tendencies/character, which would help prove the physical assaults on [Rhinehart] were unwarranted & were actually due to plaintiff/victim's desire to be violent.

>> 2). Statement made at the recorded police interviews showing plaintiff/victim lied to police. Trial counsel stated incorrectly that the PA Rape Shield Law would have forbade it.

> (B). Trial counsel refused to do any pretrial motions due to [Rhinehart] not holding his end of the agreement up of making additional payments.

> (C). Trial counsel gave [Rhinehart] forensic CD (From seized phone) to [Rhinehart] only having it for three (3) days (And never taking it back). It was entirely impossible for trial counsel to go over 3,000 text messages and 21,000 images (that included online messages between plaintiff/victim & [Rhinehart that] could show plaintiff/victim had been extorting & physically assaulting [Rhinehart], not that [Rhinehart] was paying the plaintiff/victim to do that), etc., to properly prepare for trial.

[(]D). Trial counsel had compelled [C]ommonwealth to turn over discovery, but items were "faulty" or missing when turned over & trial counsel wouldn't do anything about it. Items were:

1). Asking for access to the seized cell phone so we could see online message images in their full original size, rather than what the prosecution gave us (80% of images were to small/fuzzy to read due to how the police actually saved/recorded/retrieved the images to put on the discovery CD).

2). Requesting newly (a week before "Call of trial") discovered CD by [Rhinehart] in the police reports that contained voicemails that the [C]ommonwealth/police had never turned over to the defense."

3). Was the court erroneous and prejudicial by:

A). Not letting paid trial counsel withdraw as counsel so [Rhinehart] could get a public defender. According to trial counsel she asked the court several times months before "Call of trial" And court denied it, as well as at the "Call of trial".

B). [Rhinehart] tried to voice his concerns of trial counsel at "Call of trial" but court dismissed his remarks & pressured [him] to continue on with proceedings.

C). Court was incorrect when the judge stated that [Rhinehart] had fired multiple attorneys as a delay tactic when this instance was first & only time [Rhinehart] had tried to terminate an attorney for not properly defending/representing him.

D). When sentencing [Rhinehart], the court failed to adequately inform him of the elements of the felony charge of corruption of minors.

4). Was direct appeal counsel, Jade Salyards, ineffective in withdrawing direct appeal when she knew [Rhinehart] asked her to under duress.

5). When sentencing Mr. Rhinehart, the Commonwealth failed to state sufficient facts to support an element of the felony charge of corruption of minors. Specifically:

a. Corruption of minors is graded as a felony of the third degree if the defendant engages in a course of conduct that corrupts the morals of a minor.

b. The Pennsylvania Rules of Evidence dictate that there must be a factual basis for each element of a guilty plea.

c. The Commonwealth stated at the guilty plea hearing that Mr. Rhinehart engaged in a course of conduct with the minor but failed to state any specific facts detailing that alleged cours[e] of conduct.

6). When sentencing Mr. Rhinehart, the court failed to adequately inform him of the elements of the felony charge of corruption of minors, specifically:

a. The Court failed to articulate the elements of the corruption of minors charge with respect to the course of conduct of a sexual nature.

b. The Commonwealth also railed to state any facts to support the element of a course of conduct that was of a sexual nature.

7). Was the District Attorney in violation of [Rhinehart's] 6th, 5th, 8th, and 14th Amendment right[s] when they withheld a CD with voicemails that was never turned over to the defense?

Rhinehart's Br. at "v," 7-10 (unpaginated) (some capitalization omitted).

Of these issues, only the assertion that plea counsel was ineffective for failing to prepare (issue number two above) was conceivably raised below. PCRA counsel listed such a claim in his *Finley* letter as one of the issues that Rhinehart asked him to raise. Although Rhinehart filed a response to the Rule 907 notice, neither his Rule 907 response nor any other of his numerous filings below identified any other issues. Furthermore, his claims of trial error, such as his sentencing claims, are not cognizable under the PCRA. The only claim properly before us is Rhinehart's claim that plea counsel allegedly failed to

prepare, and he has waived his other claims. We will nonetheless briefly address his other issues, as they are meritless in any event.

"Our standard of review is well settled." **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020). "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Id.** (quoting **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

Rhinehart's first two issues claim plea counsel was ineffective. "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa.Super. 2007) (quoting **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa.Super. 2002)). To establish ineffectiveness, a petitioner bears the burden of pleading and proving that "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). A defendant who enters a plea of guilty or no contest is bound by the statements the defendant makes under oath during a plea colloquy, and the defendant may not later assert grounds for withdrawing the plea that contradict statements the defendant during the colloquy. **Commonwealth v. Turetsky**, 925 A.2d 876, 881 (Pa.Super. 2007).

The record supports the PCRA court's conclusion that Rhinehart entered a knowing, voluntary, and intelligent plea. **See** N.T. at 10-17. Rhinehart has

never identified anything he alleges plea counsel would have discovered if she had prepared, such as by reviewing discovery earlier, such that her alleged failing prejudiced Rhinehart. His allegations that he was disappointed with counsel's performance and feared losing at trial, even if true, would not render his plea involuntary. *See Commonwealth v. Myers*, 642 A.2d 1103, 1107 (Pa.Super. 1994) ("The mere fact that a defendant was 'under pressure' at the time he entered a guilty plea will not invalidate the plea, absent proof that he was incompetent at the time the plea was entered"). On his first two issues, he is due no relief.

Rhinehart next claims his direct appeal counsel was ineffective for discontinuing his appeal. He argues direct appeal counsel should not have discontinued the appeal because she knew that he "was under duress due to being threatened by his accusers, via an associate of his that resides in [the] same prison as [Rhinehart]." Rhinehart's Br. at 23.

The PCRA court found Rhinehart's claim that his appellate counsel was ineffective without merit, as it was Rhinehart's decision to discontinue the appeal. PCRA Ct. Op. at 8. The court noted that Rhinehart sent a *pro se* letter to the court, asking for his direct appeal to be withdrawn due to alleged threats against him.

We agree no relief is due on this claim. As Rhinehart aptly observed in his letter, it is a defendant's decision whether to pursue a direct appeal. Rhinehart presents no authority to support the proposition that an attorney should go against her client's wishes when the client is acting in fear of a third

party. He has thus failed to carry his burden to prove his counsel was ineffective.

Rhinehart's remaining issues relate to alleged errors by the trial court and misconduct by the Commonwealth. Rhinehart claims the court erred in denying counsel's request to withdraw, and ignoring Rhinehart's remarks to the court regarding his counsel's deficient performance and his desire for new counsel. Rhinehart's Br. at 20-21. He also claims the court erroneously stated that if he lost at trial, Rhinehart would receive a mandatory sentence of 25 years to life imprisonment. *Id.* at 21-22. He further argues the court failed to inform him of the elements of the felony charge of corruption of minors when sentencing him, and that the Commonwealth failed to state any facts to support the element of a course of conduct. *Id.* at 26-30. Finally, Rhinehart argues the police withheld evidence—a CD with voicemails—that was never turned over to the defense. *Id.* at 24-25.

By entering a plea of no contest, Rhinehart waived the ability to raise any issues except those relating to the jurisdiction of the court, the legality of the sentence, and the validity of the plea. ***Commonwealth v. Syno***, 791 A.2d 363, 365 (Pa.Super. 2002). To the extent his claims may implicate the validity of his plea, he waived them by failing to pursue them on direct appeal. ***See*** 42 Pa.C.S.A. § 9543(a)(3) (stating PCRA does not provide relief for claims that have been previously litigated or waived).

After he filed his brief, Rhinehart filed a Motion for an Evidentiary Hearing, requesting the opportunity to question his trial counsel on her

ineffectiveness. Rhinehart bore the burden of pleading and proving in the PCRA court that there was a genuine issue of material fact that warranted an evidentiary hearing, and he failed to carry this burden. We therefore deny the Motion. *See Commonwealth v. Scott*, 752 A.2d 871, 877 n.8 (Pa. 2000) ("An evidentiary hearing . . . is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness").

Order affirmed. Motion for Evidentiary Hearing denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2020