**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK STEWART | : | |
| | : | |
| Appellant | : | No. 3394 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007388-2016

BEFORE: LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 20, 2021**

Appellant Derrick Stewart appeals from the judgment of sentence entered following the revocation of his 2018 sentence.[1] On appeal, Appellant challenges the legality and the discretionary aspects of his new sentence. After review, we vacate the judgment of sentence and remand for further proceedings consistent with this memorandum.

The trial court summarized the relevant facts and procedural history in this matter as follows:

> In January 2018, Appellant pleaded guilty to two counts of second-degree felony robbery, one count of retail theft, and one count of possessing an instrument of crime (PIC).[fn1] Notes of Testimony (N.T.), 10/21/2019, at 4. During one of the robberies, Appellant threatened to stab an individual with a hypodermic needle. *Id.* at 8. After his plea, [the trial court] sentenced

---

[1] As set forth in more detail below, although the trial court stated that it revoked Appellant's probation, the record does not reflect that Appellant was serving a term of probation at that time of the hearing.

Appellant to eleven-and-one-half to twenty-three months of incarceration for the robberies, followed by two years of reporting probation for retail theft and five years of reporting probation for PIC. *Id.* at 4. The [trial c]ourt ordered the sentences of incarceration to run concurrently, and the sentences of probation to run concurrent to each other but consecutively to the incarceration. Before his release from custody, Appellant failed to cooperate with a Forensic Intensive Recovery (FIR) evaluation. *Id.*

[fn1] 18 Pa.C.S. § 3701, 18 Pa.C.S. § 3929, 18 Pa.C.S. § 907, respectively.

On June 21, 2018, Appellant was released from custody but did not subsequently communicate with his probation officer. *Id.* at 5. Over the next few months, the Philadelphia Probation Department repeatedly attempted to contact Appellant, but he did not respond. *Id.* As a result, on September 25, 2018, wanted cards were issued for Appellant's arrest. *Id.* at 6. On December 2, 2018, Appellant was arrested on new charges. *Id.* at 5.

On October 21, 2019, this [c]ourt conducted a *Gagnon II*[2] hearing. The [c]ourt determined that Appellant was in violation of his probation and initially declared a sentence of one-and-one-half to three years of incarceration plus two years of probation. While informing Appellant of his post-sentence rights, plea counsel asked Appellant if he understood the sentence, and Appellant responded, "You bet. That's it[?]"[3] Following this interaction, but before counsel finished advising Appellant of his rights, the [c]ourt imposed the final sentence of two to four years of incarceration plus one year of probation [on the robbery counts]. *Id.* at 11.

On November 8, 2019, Appellant filed a post-sentence motion for reconsideration of the sentence. Twelve days later, Appellant filed a [timely] notice of appeal.

_____

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] In its opinion, the trial court inserted a bracketed question mark after Appellant's statement "that's it." Trial Ct. Supp. Op., 12/21/20, at 2. The notes of testimony reveal that the punctuation mark was a period, and the expression read: "You bet. That's it." N.T., 10/21/19, at 11.

Trial Ct. Supp. Op., 12/21/20, at 1-2.

On November 21, 2019, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before December 12, 2019. On December 12, 2019, Appellant filed a timely Pa.R.A.P. 1925(b) statement, and on August 5, 2020, the trial court filed its Pa.R.A.P. 1925(a) opinion.

Appellant filed a petition to vacate the appellate briefing schedule on October 21, 2020, and he asked this Court to remand the record to the trial court for the filing of a supplemental Pa.R.A.P. 1925(b) statement and supplemental Pa.R.A.P. 1925(a) opinion. In the petition, counsel for Appellant included the proposed supplemental Pa.R.A.P. 1925(b) statement and emphasized that the additional issue was a challenge to the legality of the revocation sentence. On November 10, 2020, this Court granted Appellant's petition, remanded the record to the trial court, deemed the supplemental Pa.R.A.P. 1925(b) statement filed as of October 21, 2020, and directed the trial court to file supplemental Pa.R.A.P. 1925(a) opinion addressing Appellant's supplemental Pa.R.A.P. 1925(b) statement. The trial court filed its supplemental opinion on December 21, 2020.

On December 22, 2020, this Court issued a new briefing schedule, and Appellant filed a timely brief on January 29, 2021. This Court granted the Commonwealth's motion for an extension of time, and the Commonwealth filed a timely responsive brief on March 15, 2021.

On appeal, Appellant raises the following issues, which we have reordered, as follows:

1. Did not the [trial] court impose illegal sentences where, after finding that Appellant violated the terms of his supervision, the court imposed revocation sentences of 2 to 4 years of incarceration for two robbery charges, but where Appellant was originally sentenced for those two robbery charges to sentences of 11½ to 23 months of incarceration with no terms of probation?

2. Was not the [trial] court's reconsideration[4] of Appellant's aggregate sentence improper in that the change of sentence (where 1½ to 3 years' incarceration plus 2 years' probation was changed to 2 to 4 years' incarceration plus one year of probation) was arbitrary and based upon improper factors?

Appellant's Brief at 4.

In his first issue, Appellant contends that when the trial court found Appellant in violation of the terms of his supervision, he was serving two concurrent sentences of eleven and one-half to twenty-three months of incarceration on the robbery convictions. However, there was no term of probation on those counts, and therefore, when Appellant was released from

_____

[4] For clarity, we note that the trial court did not formally "reconsider" Appellant's revocation sentence based on a post-sentence motion for reconsideration or modification of sentence pursuant to Pa.R.Crim.P. 708. Rather, as noted in the trial court's recitation of the facts, the court imposed a sentence orally from the bench, and Appellant said "that's it." Trial Ct. Supp. Op., 12/21/20, at 2 (quoting N.T., 10/21/19, at 11). It was at this point in the proceedings that the trial court "reconsidered" the sentence of one and one-half to three years of incarceration followed by two years of probation, and it "readvised" Appellant that the sentence was instead two to four years of incarceration followed by two years of probation. N.T., 10/21/19, at 11.

custody on June 21, 2018, he was on parole rather than probation.[5] Appellant contests that upon the revocation of parole, the trial court was limited to imposing a sentence of only the remainder of Appellant's original sentence. Therefore, when the trial court imposed new sentences at each robbery conviction, those sentences were illegal. Appellant's Brief at 22-23.

Similarly, the Commonwealth agrees that the trial court's sentence was illegal. Commonwealth's Brief at 5. The Commonwealth concludes that remanding for resentencing is appropriate. *Id.*

We review Appellant's challenge to the legality of his sentence bearing in mind the following principles:

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus

---

[5] Appellant also asserts that at the time of the revocation and resentencing proceedings, it is possible that he had completed his maximum term of incarceration on the robbery counts and was possibly serving the probationary term on the retail theft and PIC convictions. Appellant's Brief at 7. The Commonwealth agrees that the record is unclear on these points. The Commonwealth's Brief at 5. We conclude that we are unable to discern the answer to these questions based on the record before us. In light of our disposition, a determination regarding whether Appellant completed his sentences for robbery and whether Appellant began serving his probationary sentences for retail theft and PIC will need to be determined upon remand.

recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-291 (Pa. Super. 2008) (citations and footnote omitted).

Initially, we note that Appellant has not challenged the trial court's finding that he was in violation of the terms of supervision or in revoking supervision. Rather, Appellant argues only that the trial court entered an illegal sentence because it lacked the authority to impose new sentences on the robbery convictions where Appellant was not serving a term of probation. Appellant's Brief at 22-24. Accordingly, on the robbery counts, Appellant claims that the trial court could only impose a sentence consisting of the remainder of his original sentences. *Id.* at 23. We agree.

Appellant, the Commonwealth, and the trial court all agree that Appellant was not serving terms of probation on the robbery counts. *See* Appellant's Brief at 22-24; Commonwealth's Brief at 5; Trial Ct. Supp. Op., 12/21/20, at 5. Therefore, the only supervision that the trial court could revoke was parole, and the only legal sentence the trial court could impose was limited to the unserved portion of Appellant's original sentence.

***Kalichak***, 943 A.2d at 290. Because the trial court imposed new sentences on the robbery counts, we agree that the sentences are illegal as the trial court was without the authority to enter them. ***See Commonwealth v. Ware***, 737 A.2d 251, 253 (Pa. Super. 1999) (upon the revocation of parole, the trial court has no authority for imposing a new sentence with a minimum and maximum) (citing ***Commonwealth v. Mitchell***, 632 A.2d 934, 936 (Pa. Super. 1993)); ***see also Commonwealth v. Archer***, 722 A.2d 203, 209 (Pa. Super. 1998) (*en banc*) (when a court lacks the authority to impose a sentence, the sentence is illegal). When there is no statutory authority for a sentence, the sentence is illegal and subject to correction. ***Commonwealth v. Syno***, 791 A.2d 363, 365 (Pa. Super. 2002).

Accordingly, we vacate the judgment of sentence entered on October 21, 2019, in its entirety, and we remand for resentencing.[6] ***See Commonwealth v. Greenlee***, 212 A.3d 1038, 1047 (Pa. Super. 2019) (providing that sentencing error in multi-count case generally requires all

---

[6] We have noted that the trial court acknowledged that it imposed an illegal sentence, however the trial court averred that remand is not necessary because this Court has the authority to fashion Appellant's sentence. Trial Ct. Supp. Op., 12/21/20, at 5-6. Under the instant circumstances however, we decline to impose sentence due to the herein described ambiguities in the record which require the trial court's consideration that may impact Appellant's resentencing. As the Commonwealth notes, it is unclear from the record how much time Appellant has already served on the original sentences for robbery, and it is possible that Appellant has served the maximum term of incarceration. Commonwealth's Brief at 5. Due to these uncertainties, we conclude that it is necessary to vacate in the sentence entirely and remand for resentencing.

sentences for all counts to be vacated so the trial court can restructure entire sentencing scheme).

For the reasons set forth above, we vacate the judgment of sentence entered on October 21, 2019, in its entirety, and we remand for resentencing.[7,8] In light of our disposition of Appellant's first issue, we do not reach Appellant's second issue challenging the discretionary aspects of the sentence.

Judgment of sentence vacated. Case and record remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2021

---

[7] As noted above, Appellant has not challenged the trial court's conclusion that Appellant violated the terms of his supervision, and we leave that finding undisturbed.

[8] The trial court judge in this matter has requested that resentencing should occur before another jurist. Trial Ct. Supp. Op. 12/21/20, at 6, n.2. Accordingly, upon remand, the trial court may determine whether it will recuse and afford counsel the opportunity to respond at the appropriate hearing.