J-S84019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE ADRIAN WILKINS | : | |
| | : | No. 746 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order April 25, 2017
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003314-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                              **FILED MARCH 20, 2018**

Maurice Adrian Wilkins appeals from the order, entered in the Court of Common Pleas of Berks County, denying his *pro se* petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

The trial court summarized the relevant procedural history of this case in its March 28, 2017 order and notice of intent to dismiss Wilkins' PCRA petition:

> On or about July 12, 2013, [Wilkins] was charged with three counts of [m]urder of the [f]irst [d]egree, three counts of [m]urder of the [t]hird [d]egree, two counts of [c]riminal [c]onspiracy, three counts of [a]ggravated [a]ssault, one count of [p]ersons not to [p]ossess, [u]se, [m]anufacture, [c]ontrol, [s]ell or [t]ransfer [f]irearms, one count of [p]ossessing [i]nstruments of [c]rime, one count of [k]idnapping and two counts of [c]riminal [s]olicitation.  On October 21, 2015, [Wilkins] entered into a plea agreement and pled guilty to three counts of [m]urder of the

[f]irst [d]egree. On the same day, this [c]ourt sentenced [Wilkins] to a life term of incarceration without possibility of parole, and all remaining charges were dropped. [Wilkins] did not pursue an appeal at this time.

On February 8, 2016, [Wilkins] filed the instant, timely *pro se* [m]otion for [p]ost-[c]onviction [c]ollateral [r]elief. On February 18, 2016, [the trial court] appointed Osmer Deming, Esquire, to serve as PCRA counsel for [Wilkins]. On March 21, 2016, Counsel Deming filed a [p]etition for [e]xtension of [t]ime to [f]ile an [a]mended PCRA [p]etition or "[n]o [m]erit" [l]etter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). [The trial court] granted that petition on March 22, 2016. Counsel Deming filed six additional [p]etitions for [e]xtension of [t]ime, which in each case [the trial court] granted.

On March 2, 2017, Counsel Deming filed a "[n]o [m]erit" [l]etter [r]equesting [l]eave of [c]ourt to [w]ithdraw as [c]ounsel.

Order and Notice of Intent to Dismiss, 3/28/17, at 1-2. On March 16, 2017, the trial court granted Counsel Deming's petition for withdrawal. On April 25, 2017, the trial court dismissed Wilkins' PCRA petition, which he timely appealed on May 3, 2017. Both Wilkins and the trial court have complied with Pa.R.A.P. 1925. On appeal, Wilkins raises the following issues:

1. Whether trial counsel was ineffective due to conflict of interest, erroneous advice and poor performance?

2. Whether Wilkins' guilty plea was unlawfully induced by duress from the vigorous assaults and threats by victim's family and 3½ years of solitary confinement?

3. Whether there was a prejudicial conflict of interest by the trial court by dual representation, pretrial prejudice, bias treatment by the judge, and withheld evidence against witness character?

4. Whether the PCRA court abused its discretion by failing to conduct an evidentiary hearing?

Brief of Appellant, at 5 (reworded for clarity).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011), citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***, citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Wilkins first claims that trial counsel was ineffective at the time of his plea and sentencing for (1) laboring under a conflict of interest,[1] and (2) inducing his guilty plea with false information regarding harmful DNA evidence.

The standard a petitioner must meet for PCRA relief when raising an ineffective assistance of counsel claim is well settled:

> A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in [42 Pa.C.S.A. § 9542]. One of the grounds enumerated in [42 Pa.C.S.A. § 9542] involves claims alleging ineffective assistance of counsel. Thus, the PCRA provides relief to those individuals whose convictions or sentences resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The Supreme Court of Pennsylvania has interpreted that to mean

---

[1] Eric Angeles, who the Commonwealth listed as a potential witness for the prosecution, procured representation from the same law firm that employed Wilkins' trial counsel.

that in order to obtain relief on a claim alleging ineffective assistance of counsel, a petitioner must prove that: 1) the claim underlying the ineffectiveness claim has arguable merit; 2) counsel's actions lacked any reasonable basis; and 3) counsel's actions resulted in prejudice to petitioner.

*Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). *See also Commonwealth v. Lynch*, 820 A.2d 728 (Pa. Super. 2003) (claims that counsel unlawfully induced defendant to plead guilty are reviewable as claims of ineffective assistance of counsel).

Wilkins entered a guilty plea to three counts of murder in the first degree. Thus, the only matters Wilkins may raise on appeal are the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence. *Commonwealth v. Syno*, 791 A.2d 363, 365 (Pa. Super. 2002) (citation omitted). Therefore, in order to be successful on an ineffectiveness claim, Wilkins must prove that trial counsel's ineffectiveness resulted in an unknowing and involuntary plea. *Commonwealth v. Yeager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (citation omitted).

Wilkins also argues that his housing in solitary confinement prior to trial and unidentified threats by the victim's family caused him to plead guilty involuntarily. Therefore, we address these claims together, as each implicates the voluntariness of Wilkins' guilty plea.

Under the PCRA, a petitioner is eligible for relief if he pleads and proves by a preponderance of evidence that he has been convicted of a crime for which he is currently serving a sentence and that his conviction has resulted from a plea of guilty unlawfully induced where circumstances make it likely

that the inducement caused the individual to plead guilty. ***See Commonwealth v. Stark***, 698 A.2d 1327 (Pa. Super. 1997). 42. Pa.C.S.A. 9543(a)(2)(iii).

Pennsylvania Rule of Criminal Procedure 590 requires that a guilty plea be offered in open court and sets a procedure to determine voluntariness and whether a defendant is acting knowingly and intelligently. The trial court must conduct a colloquy that includes, at a minimum, the following:

> 1. Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*
>
> 2. Is there a factual basis for the plea?
>
> 3. Does the defendant understand that he/she has the right to a trial by jury?
>
> 4. Does the defendant understand that he/she is presumed innocent until found guilty?
>
> 5. Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> 6. Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

***Commonwealth v. D'Collandfield***, 805 A.2d 1244, n. 1 (Pa. Super. 2002) (citation omitted). ***See*** Pa.R.Crim.P. 590 – Comment.

Here, the record belies Wilkins' claim that his guilty plea was involuntary. At his guilty plea, Wilkins recited in detail his account of the events leading up to the murder of three victims and stated on the record that his guilty plea was voluntary. ***See*** N.T. Guilty Plea, 11/21/16, at 12-17.

Specifically, Wilkins stated that he forwent his trial because he did not "want to put the [victim's] family through any grief," and to "own up to what [he] had done." *Id.* at 16. Moreover, Wilkins signed a written statement affirming that he understood the nature and consequences of his plea.

There is no indication in the record that Wilkins' guilty plea was involuntary, and therefore, his claim that trial counsel was ineffective is meritless.[2] *Yeager*, *supra*.

Wilkins next claims that the trial court's partiality to the victims prejudiced his defense.

> As a general rule, when circumstances arise during the course of trial raising questions of the trial judge's bias or impartiality, it is the duty of the party, who asserts that a judge should be disqualified, to allege by petition the bias, prejudice, or unfairness necessitating recusal. Furthermore, ***a judge's decision to continue presiding over a jury trial will not be reversed in the absence of a clear abuse of discretion.*** In order to establish an abuse of discretion, the appellant must show something more than bias in the abstract; he must ordinarily demonstrate that the alleged bias of the judge infected the jury or otherwise deprived him of a fair trial.

*Commonwealth v. Hewett*, 551 A.2d 1080, 1082 (Pa. Super. 1988) (citations omitted) (emphasis added).

---

[2] Wilkins' also argues that trial counsel labored under a conflict of interest at his guilty plea. However, even if trial counsel labored under a conflict of interest, Wilkins' guilty plea invalidates any claim of error stemming from his preliminary hearing. *Commonwealth v. Jones*, 929 A.2d 205, 209 (Pa. 2007) (citation omitted) (once a defendant has been convicted, deficiencies at the preliminary hearing are rendered immaterial). Therefore, this claim is meritless.

Here, Wilkins baldly asserts that the trial court expressed bias by (1) denying his motion for a change in venue due to pretrial publicity, and (2) commenting on the video which purportedly showed Wilkins shooting into the car, killing two men. N.T. Guilty Plea, 11/21/16, at 16 (THE COURT: "I saw the video in [co-defendant's] trial. And clearly there's no question that [the video] captured you shooting into the other car.").

Wilkins fails to establish the requisite bias, prejudice or unfairness to warrant recusal. The trial court's comment regarding video evidence from Wilkins' co-defendant's trial occurred after Wilkins tendered his guilty plea and provided a lengthy and unsolicited account of the murder, during which he admitted to shooting three or four times into a vehicle. Moreover, even if Wilkins had established the requisite bias, prejudice or unfairness necessary to warrant recusal, he waived his right to file a recusal motion when he entered his guilty plea. *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (guilty plea constitutes waiver of all non-jurisdictional defects and defenses).

Last, Wilkins claims that the trial court erred in dismissing his PCRA petition without a hearing.

> The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing.

- 7 -

***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citations omitted). Wilkins' PCRA claims are meritless, and thus, the trial court did not err in dismissing his petition without a hearing. Pa.R.Crim.P. 907(1).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/20/2018