2019 PA Super 184

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON GREENLEE | : | |
| | : | |
| Appellant | : | No. 1331 EDA 2018 |

Appeal from the Judgment of Sentence April 17, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002494-2016

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

OPINION BY GANTMAN, P.J.E.:                    **Filed June 10, 2019**

Appellant, Jason Greenlee, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for possession of a controlled substance and persons not to possess a firearm.[1]  We reverse Appellant's conviction for persons not to possess a firearm, vacate the judgment of sentence, and remand for resentencing.

The relevant facts and procedural history of this case are as follows. On February 26, 2007, Appellant received an aggregate sentence of four (4) to ten (10) years' incarceration for possession with intent to deliver ("PWID"), criminal conspiracy, persons not to possess a firearm, and possession of an

---

[1] 35 P.S. § 780-113(a)(16) and 18 Pa.C.S.A. 6105(a)(1), respectively.

instrument of crime ("PIC"). Appellant was released on parole on June 2, 2011, subject to special conditions governing his parole. While on parole, on January 13, 2016, Appellant admitted to his parole agent, Caleb Tyson, that Appellant had used marijuana and tested positive for use of marijuana and benzodiazepine, in violation of the terms of his parole. That same day, parole agents searched Appellant's home and discovered in his bedroom a baggie of marijuana, a bottle of medication made out to another individual, a loaded handgun, and a bag of ammunition. The Commonwealth subsequently charged Appellant with persons not to possess a firearm and possession of a controlled substance. On July 15, 2016, Appellant filed a suppression motion, which the court denied following a hearing on August 15, 2016. On February 14, 2018, Appellant proceeded to a bench trial. The court heard testimony from Agent Tyson, parole agent Michael Van Osten, and police officer Christopher McCue, who all testified on behalf of the Commonwealth.

In its opinion, the trial court accurately summarizes the trial testimony of Agent Tyson as follows:

> [A]gent, Caleb Tyson, testified that on January 12, 2016, he went out to 1457 Stevens Street in the city and county of Philadelphia, to make a field contact or home visit with…Appellant whom he had started supervising in 2015. Agent Tyson testified that when he first entered the residence that day he could smell a strong odor of marijuana in the residence. Agent Tyson asked…Appellant if anybody had been smoking marijuana and Appellant told him that no one had. At that point, Agent Tyson requested a urine sample from…Appellant and they went upstairs. Agent Tyson testified that while they were upstairs to get the urine sample, he had asked Appellant what room he stays in and

- 2 -

Appellant identified the front room of the house to the left when you go upstairs. … Appellant was unable to give a urine sample so Officer Tyson requested that Appellant report the following day to his office to give one.

The following day on January 13, 2016, Agent Tyson testified that Appellant reported to his office and provided a urine sample which came back positive for marijuana and benzodiazepine. At this time, based on what Agent Tyson had observed at the house the prior day and the positive urine, Appellant was taken into custody. Agent Tyson along with his supervisor and other agents then took Appellant back to the house located at 1457 Stevens Street to search the residence. When they got to the house, Appellant's mother answered the door and the agents informed her that they needed to search the residence for belief of a parole violation by Appellant. There was also a young female at the residence who the agents believed to be Appellant's girlfriend. …

After doing a common search of the downstairs for everyone's safety, Agent Tyson testified the agents went upstairs to search what had been identified as Appellant's room. Officer Tyson testified that he searched next to the bed, and subsequently [located] to the left of the bed, a shoe box on the floor that he opened and he found inside a small bag of suspected marijuana and pills labeled Milon Al which is a benzodiazepine which was prescribed to Michael Hutchinson.

(Trial Court Opinion, filed July 11, 2018, at 2-4) (internal citations to record omitted).

During cross-examination of Agent Tyson, Appellant introduced as Exhibit D2 a June 2011 "Order to Release on Parole/Reparole" ("Parole Order"). (N.T. Trial, 2/14/18, at 23; Parole Order, Appellant's Brief at Exhibit "D"). The Parole Order contains information related to Appellant's release on parole from incarceration on the 2007 judgment of sentence. At trial,

- 3 -

Appellant elicited testimony from Agent Tyson that Appellant's residency address on the Parole Order differs from the address where parole agents discovered contraband in January 2016. In addition to a parole residency address, the Parole Order contains minimal information regarding Appellant's 2007 judgment of sentence. Specifically, the Parole Order lists under the heading "Offense(s)/Charge(s)" the following: "DRUG-M/S/D OR PWI TO CC DRG-M/S/D OR PWI TO" and "PERSONS NOT TO POSS USE, ETC FIREARMS PIC (GENERALLY)". (Parole Order, Appellant's Brief at Exhibit "D"). The Parole Order also indicates Appellant received an aggregate sentence of four to ten years' incarceration on February 26, 2007. (*Id.*)

After Agent Tyson testified, the trial court heard the testimony of Agent Van Osten and Officer McCue, which the court accurately summarizes in its opinion as follows:

> Parole Agent Michael Van Osten, one of the other agents searching the house, testified…that he was in Appellant's bedroom searching the dresser when he found a small bag with some ammunition in it underneath some male clothing [in] the uppermost drawer. He also testified that in the next drawer down underneath some more male clothing, he found a loaded revolver.
>
> Upon finding the drugs and guns, the agents immediately called the Philadelphia Police Department. Police Officer Christopher McCue testified at trial that on that day he and his partner were serving as backup for the parole agents and they were called to go to the location of 1457 Stevens Street. Upon arrival at that location, the officers were directed upstairs by the parole agents to…Appellant's bedroom to recover the drugs and the gun. After recovering the items, the officers took Appellant to be processed and the narcotics and guns were placed on a property receipt.

- 4 -

(Trial Court Opinion at 4-5) (internal citations to record omitted). At the conclusion of testimony, the parties stipulated as follows: (1) an analyst from the Philadelphia Police Department laboratory would testify the drugs, which the agents discovered in Appellant's bedroom, tested positive as marijuana and Alprazolam; and (2) police would testify they identified the handgun that the agents found as a .32 caliber revolver and determined it was operable. Subsequently, the court admitted all the exhibits into evidence. On February 14, 2018, the court convicted Appellant of one count each of persons not to possess a firearm and possession of a controlled substance.

On April 13, 2018, Appellant filed a post-verdict motion for extraordinary relief, requesting an arrest of judgment on the conviction for persons not to possess a firearm, because the Commonwealth had not proved Appellant was currently disqualified from possessing a gun under Section 6105. Following a hearing on April 17, 2018, the court denied Appellant's post-verdict motion. That same day, the court sentenced Appellant to a term of three (3) to six (6) years' incarceration for the persons-not-to-possess conviction, with no further penalty for the possession-of-a-controlled-substance charge.

On May 8, 2018, Appellant filed a timely notice of appeal. The court ordered Appellant on May 14, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). On May 31, 2018, Appellant filed a timely Rule 1925(b) statement and a contemporaneous request for leave to file a supplemental concise statement upon receipt of notes of

testimony from the trial court proceedings. By order dated June 1, 2018, the court granted Appellant's request.[2] On June 22, 2018, Appellant filed a supplemental Rule 1925(b) statement.

Appellant limits our appellate review to the following issue:

> WAS NOT THE EVIDENCE INSUFFICIENT TO CONVICT [APPELLANT] OF 18 PA.C.S.A. § 6105 (PERSONS NOT TO POSSESS FIREARMS) IN THAT THERE WAS NO PROOF THAT HE HAD ONE OF THE ENUMERATED CONVICTIONS THAT WOULD MAKE HIM A PERSON PROHIBITED FROM POSSESSING A FIREARM UNDER THE STATUTE?

(Appellant's Brief at 3).

When examining a challenge to the sufficiency of the evidence:

> The standard we apply…is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record

_____

[2] The certified docket entries indicate the court's June 1st order permitting Appellant to file a supplemental concise statement was docketed on various dates in May 2018, although the court did not order the Rule 1925(b) statement until May 14, 2018, and Appellant did not file for an extension until May 31, 2018.

must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

This standard is equally applicable in cases where the evidence is circumstantial, rather than direct, provided that the combination of evidence links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Orr*, 38 A.3d 868, 872-73 (Pa.Super. 2011) (*en banc*), *appeal denied*, 617 Pa. 637, 54 A.3d 348 (2012) (internal citations, quotation marks, and emphasis omitted).

Appellant argues the Commonwealth failed to meet its burden to establish beyond a reasonable doubt that Appellant was prohibited from possessing a firearm under Section 6105, as of January 2016. Appellant submits the Commonwealth did not introduce any evidence Appellant had been previously convicted of a disqualifying offense under Section 6105. Appellant avers the Parole Order does not specify whether Appellant was convicted of or merely charged with, *inter alia*, possession with intent to deliver ("PWID") PWID and persons to possess a firearm in 2007. Appellant maintains that even if the Parole Order demonstrates Appellant was convicted of PWID in 2007, it does not establish the alleged PWID conviction constituted a disqualifying offense under Section 6105. Appellant contends the Parole Order also does not cite a subsection of the PWID statute, indicate what illegal substance was involved, or establish what sentence the court imposed on each conviction. Appellant claims the Parole Order does not indicate his alleged

2007 PWID conviction carried a potential maximum sentence of two years' incarceration, which would render him ineligible to possess a firearm under Section 6105 in January 2016.

Appellant further argues that even if the Parole Order establishes he was convicted under Section 6105 in 2007, the Parole Order does not contain information about that offense to prohibit him from possessing a firearm in January 2016. Appellant contends the Parole Order does not indicate whether the 2007 Section 6105 conviction stemmed from Appellant having been previously: (1) convicted of an enumerated disqualifying offense, which would have precluded him from possessing a firearm under Section 6105 permanently; or (2) included him among one of several classes of individuals temporarily prohibited from possessing a firearm. Appellant submits the trial evidence is insufficient to support his conviction for persons not to possess a firearm. Appellant concludes this Court should vacate his current conviction for persons not to possess a firearm.

In response, the Commonwealth initially argued the Parole Order, by its purpose and nature, establishes Appellant was convicted of and sentenced on the offenses denoted in the document. The Commonwealth contended Appellant necessarily had a disqualifying prior conviction under Section 6105 prior to 2007, on the grounds that the Parole Order demonstrates Appellant was convicted of persons not possess a firearm in 2007. The Commonwealth averred the 2007 conviction for a violation of Section 6105 alone showed that

Appellant was prohibited from possessing a firearm in January 2016. The Commonwealth adjusts its position in its sur-reply brief, however, to agree with Appellant that the Parole Order does not show the specific offenses or the bases for Appellant's convictions in 2007. The Commonwealth concedes it presented insufficient evidence at trial to prove Appellant was prohibited from possessing a firearm as of January 2016. The Commonwealth concludes this Court should reverse Appellant's conviction for persons not to possess a firearm and vacate the judgment of sentence. For the following reasons, we agree.

Section 6105 of the Pennsylvania Uniform Firearms Act provides, in relevant part, as follows:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a)     Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

*     *     *

**(c)     Other persons.—** In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):

*     *     *

(1)  A person who is a fugitive from justice.  …

- 9 -

(2) A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, **that may be punishable by a term of imprisonment exceeding two years**.

(3) A person who has been convicted of driving under the influence of alcohol or controlled substance as provided in 75 Pa.C.S.[A.] § 3802 (relating to driving under influence of alcohol or controlled substance) or the former 75 Pa.C.S.[A.] § 3731, on three or more separate occasions within a five-year period. For the purposes of this paragraph only, the prohibition of subsection (a) shall only apply to transfers or purchases of firearms after the third conviction.

(4) A person who has been adjudicated as an incompetent or who has been involuntarily committed to a mental institution for inpatient care and treatment under section 302, 303 or 304 of the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the Mental Health Procedures Act. …

(5) A person who, being an alien, is illegally or unlawfully in the United States.

(6) A person who is the subject of an active protection from abuse order issued pursuant to 23 Pa.C.S.[A.] § 6108, which order provided for the relinquishment of firearms during the period of time the order is in effect. This prohibition shall terminate upon the expiration or vacation of an active protection from abuse order or portion thereof relating to the relinquishment of firearms.

(7) A person who was adjudicated delinquent by a court pursuant to 42 Pa.C.S.[A.] § 6341 (relating to adjudication) or under any equivalent Federal statute or statute of any other state as a result of conduct which if committed by an adult would constitute an offense under sections 2502, 2503, 2702, 2703 (relating to assault by prisoner), 2704, 2901, 3121, 3123, 3301, 3502, 3701 and 3923.

(8) A person who was adjudicated delinquent by a court

pursuant to 42 Pa.C.S.[A.] § 6341 or under any equivalent Federal statute or statute of any other state as a result of conduct which if committed by an adult would constitute an offense enumerated in subsection (b) with the exception of those crimes set forth in paragraph (7). This prohibition shall terminate 15 years after the last applicable delinquent adjudication or upon the person reaching the age of 30, whichever is earlier.

(9) A person who is prohibited from possessing or acquiring a firearm under 18 U.S.C.[A.] § 922(g)(9) (relating to unlawful acts). …

\* \* \*

18 Pa.C.S.A. § 6105(a)(1), (c) (effective December 16, 2008, to January 2, 2017) (emphasis added).

In other words, an individual commits an offense under Section 6105 if the individual (1) possessed, used, controlled, sold, transferred, or manufactured a firearm (or obtained a license to do any of the foregoing activities); **and** (2) has been convicted of a specific type of offense listed in Section 6105(b) or 6105(c), or meets one of the miscellaneous conditions set forth in Section 6105(c). 18 Pa.C.S.A. § 6105(a)(1). Under Section 6105, A previous conviction under The Controlled Substance, Drug, Device, and Cosmetic Act ("CSA"), 35 P.S. §§ 780-101 *et seq*., constitutes a disqualifying offense **only if** the drug offense is punishable by more than two years' incarceration. 18 Pa.C.S.A. § 6105(c)(2). Additionally, Section 6105 precludes firearm possession of individuals under certain enumerated circumstances, some of which may be temporary. 18 Pa.C.S.A. § 6105(c)(1), (3), (5), (6), (8). For example, subsections (c)(1), (c)(5), and (c)(6)

respectively prohibit an individual from possessing a gun if that person is a fugitive, an illegal alien of the United States, or subject to an active protection from abuse ("PFA") order. 18 Pa.C.S.A. § 6105(c)(1), (5), (6). Section 6105 does not prohibit an individual from possessing a firearm, however, once that individual is no longer fleeing justice or in the United States unlawfully, or the PFA order against the individual has expired or been vacated. *Id.*

Section 780-113 of the CSA, defines and sets forth penalties for PWID. *See generally* 35 P.S. § 780-113. To establish the offense of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it. *Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa.Super. 2005). Section 780-113 establishes several offenses proscribing the delivery of controlled substances. *See e.g.,* 35 P.S. § 780-113(a)(1), (30), (32), (33), (36). The CSA sets forth different sentences for the various offenses defined in Section 780-113(a). 35 P.S. § 780-113(b)-(o). Section 780-113 provides some PWID offenses are punishable by a potential maximum sentence of more than two years' imprisonment. *See* 35 P.S. § 780-113(f)(1)-(3), (l). Other PWID offenses, however, carry a potential maximum incarceration term not to exceed one year. *See* 35 P.S. 780-113(b), (f)(4), (i). The sentence for each PWID offense differs depending upon several factors, including the specific offense committed, the controlled substance involved, the schedule classification of that controlled substance, the intended receiver of the

controlled substance, and whether the offender had committed PWID previously. *See* 35 P.S. § 780-113(b), (f) ,(i), (l).

Instantly, Appellant received on February 26, 2007, an aggregate sentence of four to ten years' incarceration for PWID, criminal conspiracy, persons not to possess a firearm, and PIC. While on parole in January 2016, Appellant admitted having used marijuana and tested positive for marijuana and benzodiazepine, in violation of the terms of his parole. During a resultant search, parole agents discovered marijuana, Alprazolam, a loaded handgun, and ammunition in Appellant's bedroom.

At Appellant's bench trial, the Commonwealth's witnesses testified to the circumstances surrounding the search of Appellant's bedroom and the contraband that the parole agents discovered there. During cross-examination of Appellant's parole agent, Agent Tyson, Appellant introduced the Parole Order. The Parole Order provides, *inter alia*, minimal information regarding the convictions underlying Appellant's 2007 judgment of sentence. Under the heading "Offense(s)/Charge(s)," the Parole Order lists the following: "DRUG-M/S/D OR PWI TO CC DRG-M/S/D OR PWI TO" and "PERSONS NOT TO POSS USE, ETC FIREARMS PIC (GENERALLY)". (Parole Order, Appellant's Brief at Exhibit "D"). The Parole Order notes the court sentenced Appellant on February 26, 2007, to an aggregate term of four to ten years' incarceration. (*Id.*) At the conclusion of testimony, the parties made two stipulations: (1) a Philadelphia Police Department laboratory analyst

would testify the laboratory identified the drugs from Appellant's bedroom as marijuana and Alprazolam; and (2) police would testify to the type of handgun agents found in Appellant's bedroom and that the handgun was operable. Immediately following trial, the court convicted Appellant of one count each of possession of a controlled substance and persons not to possess a firearm.

On this record, the Commonwealth concedes it failed to prove beyond a reasonable doubt that Section 6105 prohibited Appellant from possessing a firearm as of January 2016. At trial, the Commonwealth introduced no evidence Appellant (1) had been previously convicted of an offense disqualifying him from gun possession under Section 6105(b); or (2) that Appellant met in January 2016 any of the several enumerated conditions precluding an individual from possessing a firearm under Section 6105(c). Rather, the trial court relied upon the Parole Order to establish Appellant was prohibited from firearm possession under Section 6105, because the Parole Order demonstrated Appellant had committed a disqualifying offense in 2007. The Parole Order, however, provides too little detail about Appellant's 2007 convictions and judgment of sentence to sustain Appellant's current conviction for persons not to possess a firearm.

Specifically, the Parole Order does not demonstrate Appellant committed any of the disqualifying offenses enumerated in Section 6105(b). Regarding Section 6105(c), the Parole Order suggests Appellant was convicted in 2007 of, *inter alia*, PWID and persons not to possess a firearm, both of

which could possibly but not definitively disqualify Appellant from future gun possession or for how long the prohibition would last. The Parole Order, however, does not include the following information about Appellant's 2007 PWID offense: the specific PWID offense Appellant committed; the controlled substance involved; the schedule classification of the controlled substance; the intended recipient of the controlled substance; and whether Appellant had committed that same or another kind of PWID offense prior to 2007. *See* 35 P.S. § 780-113(b), (f), (i), (l). Thus, the Parole Order does not establish Appellant's 2007 PWID conviction carried a potential maximum sentence of more than two years' incarceration. *See* 35 P.S. § 780-113(b), (f), (i), (l). As such, the Parole Order does not demonstrate Appellant's 2007 PWID conviction constituted a disqualifying offense under Section 6105 in 2016. *See* 18 Pa.C.S.A. § 6105(c)(2).

Furthermore, the Parole Order does not provide the grounds for Appellant's conviction of persons not to possess a firearm in 2007. The Parole Order fails to indicate whether Appellant had been convicted of one of the offenses enumerated in Section 6105(b) prior to 2007, which would have prohibited Appellant from possessing a gun in January 2016. Notably, the Parole Order also does not demonstrate whether the Commonwealth established Appellant met in 2007 any of the Section 6105(c) conditions, and if so, which condition. Because several of the Section 6105(c) conditions are temporary, the Parole Order gives insufficient detail to prove Appellant

- 15 -

currently met the same prohibitive Section 6105(c) condition he had met in 2007. **See** 18 Pa.C.S.A. § 6105(c)(1), (5), (6). Although the Parole Order suggests Appellant was convicted of persons not to possess a firearm in 2007, the Parole Order fails to support Appellant's current Section 6105 conviction. **See Orr supra**; 18 Pa.C.S.A. § 6105(a)(1). On this record and without more, the Commonwealth did not meet its burden to prove beyond a reasonable doubt that Appellant was prohibited from possessing a firearm in January 2016. **See Orr supra**; 18 Pa.C.S.A. § 6105(a)(1).

Based upon the foregoing, we reverse Appellant's conviction for persons not to possess a firearm, vacate the judgment of sentence in its entirety, and remand for resentencing on the remaining possession of a controlled substance conviction. **See Commonwealth v. Bartrug**, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error on one count in multi-count case generally requires all sentences for all counts to be vacated so court can restructure entire sentencing scheme). **See also Commonwealth v. Goldhammer**, 512 Pa. 587, 593, 517 A.2d 1280, 1283 (1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987)) (stating generally if appellate court alters overall sentencing scheme, then remand for re-sentencing is proper).

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/10/2019</u>