**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAMON ANTWAIN MELVIN | : | |
| | : | |
| Appellant | : | No. 2133 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 6, 2018,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-3906-2018.

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED SEPTEMBER 30, 2020**

Chamon Antwain Melvin appeals from the judgment of sentence imposed following his convictions of persons not to possess a firearm, possession of a controlled substance, and possession of drug paraphernalia.[1] We affirm Melvin's convictions, but vacate Melvin's sentence and remand for resentencing.

The trial court set forth the relevant factual and procedural history as follows:

> In the spring of 2018, Detective Michael Laverty of the Upper Merion Township Police Department, received information that Melvin was selling cocaine in Montgomery County and began an investigation. In the course of that investigation, the detective learned that Melvin had two open warrants, one warrant from

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 6105(a)(1), 35 P.S. §§ 780-113(a)(16), (32).

Bowie County, Texas, relating to drug charges; and a second warrant from Chester County, Pennsylvania.

Sergeant Brandy Faherty, of the Upper Merion Township Police Department, assisted with the investigation. Specifically, on May 23, 2018, she received information that Melvin was in Upper Merion in a black Mitsubishi Diamante car. That vehicle was observed, and it was determined that it was registered to Melvin. Detective Wright pulled up behind Melvin's vehicle. Sergeant Faherty was able to identify the occupant of the vehicle as Melvin. Several officers approached the vehicle along with the sergeant in order to take Melvin into custody for the open warrants. Melvin exited the vehicle, and while being handcuffed[,] a handgun sticking out of his waistband was observed. A search incident to arrest was effectuated, and turned up a stolen handgun and approximately $1,172.00 in U.S. currency.

Sergeant Faherty walked back past the vehicle and smelled unburnt marijuana emanating from it, and a canine search was performed. The dog uncovered a bag with a white powdery substance in the center console. At that juncture, the sergeant instructed the dispatch to tow Melvin's vehicle from the scene in order to do a vehicle search back at the police station's garage. Detective Gregory Pitchford and Detective Fran Rippert uncovered a bag of marijuana and cocaine from the vehicle.

At the conclusion of [a] non-jury trial, Melvin was convicted of the aforementioned offenses.

On March 8, 2019, Melvin was sentenced to [an aggregate] term of four to ten years' imprisonment. A timely post-sentence motion was filed on March 18, 2019. An order denying the post-sentence motion was entered on the docket on June 18, 2019, and was served upon trial counsel on June 28, 2019. This appeal was filed on July 22, 2019.

Trial Court Opinion, 10/2/19, at 1-3 (references to the record omitted).

Melvin raises three issues for our review:

1. Whether the instant appeal was timely filed?

2. Whether [Melvin's] conviction of persons not to possess a firearm must be overturned when the lower court erred in

- 2 -

holding that the disqualifying out-of-state offense of possession of marijuana is equivalent to the Pennsylvania offense of manufacture, delivery or possession with intent to manufacture or deliver a controlled substance?

3. Whether the lower court abused its discretion in sentencing [Melvin] to an aggregate sentence of four (4) to ten (10) years when the applicable mitigation evidence was ignored by imposing a consecutive sentence?

Melvin's Brief at 2 (unnecessary capitalization omitted).

In his first issue, Melvin contends that his appeal was timely filed. Both the trial court and the Commonwealth agree that the appeal was timely filed.

Based on our review of the record, we conclude that the appeal was timely filed. Pursuant to our appellate rules, a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903. In a criminal case, when a defendant files a timely post-sentence motion, he or she has thirty days from the date of the entry of the order deciding the post-sentence motion to file an appeal. *See* Pa.R.Crim.P. 720(A)(2)(a). Importantly, the Pennsylvania Rules of Appellate Procedure provide that the date of entry is the date the clerk of courts mails or delivers copies of the order to the parties. *See* Pa.R.A.P. 108(a)(1).

In this case, the trial court filed its order denying Melvin's post-sentence motion on June 18, 2019. However, the docket reflects that the clerk of courts did not mail the order denying Melvin's post-sentence motion to the parties until June 28, 2019. Therefore, Melvin had until July 28, 2019, to file his notice of appeal. As Melvin filed his notice of appeal on July 22, 2019, his

appeal is timely. We therefore have jurisdiction to decide Melvin's other two appellate issues.

In his second issue, Melvin argues that the trial court erred in convicting him of persons not to possess a firearm under 18 Pa.C.S.A. § 6105(a)(1) of the Uniform Firearms Act, based on a prior felony drug conviction in Texas. This issue requires us to interpret section 6105. "The interpretation of a statute is a pure question of law, and therefore our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Felder**, 75 A.3d 513, 515 (Pa. Super. 2013) (citation omitted).

Under the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S.A. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. *Id*. § 1921(b). Words and phrases are to be construed according to the rules of grammar and according to their common and approved usage, unless they are technical words and phrases that have acquired a peculiar meaning or definition. *Id*. § 1903(a). Further, penal statutes are to be strictly construed. *Id*. § 1928(b)(1).

Section 6105 provides, in relevant part, as follows:

(a)    Offense defined.

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not

> possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth
>
> * * * *
>
> (c) Other persons. In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):
>
> * * * *
>
> > (2) A person who has been convicted of an offense under the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act, ***or any . . . equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years***.

18 Pa.C.S.A. § 6105(a)(1), (c)(2) (emphasis added).

As this Court has explained:

> an individual commits an offense under Section 6105 if the individual (1) possessed, used, controlled, sold, transferred, or manufactured a firearm (or obtained a license to do any of the foregoing activities); and (2) has been convicted of a specific type of offense listed in Section 6105(b) or 6105(c), or meets one of the miscellaneous conditions set forth in Section 6105(c). 18 Pa.C.S.A. § 6105(a)(1).

***Commonwealth v. Greenlee***, 212 A.3d 1038, 1045 (Pa. Super. 2019).

Here, no one disputes that Melvin possessed a firearm. The issue is whether Melvin's Texas conviction rendered him a prohibited person under section 6105(c). Notably, Melvin was convicted in 2009 of possessing between five and fifty pounds of marijuana in violation of Texas Health and

Safety Code § 481.121(b)(4).[2]   Melvin's Texas conviction was graded as a third-degree felony.  *Id*.   Under Texas law, a person convicted of a third-degree felony "shall be punished by imprisonment . . . for any term of not more than 10 years or less than 2 years."  Tex. Penal Code Ann. § 12.34.  At trial in this matter, the Commonwealth introduced a certified copy of the Texas conviction to prove that, on the date of the instant offense, Melvin was ineligible to possess a firearm in Pennsylvania pursuant to section 6105.  The trial court determined that Melvin's Texas conviction was equivalent to a conviction under Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act ("CSA") for the offense of possession with intent to deliver under 35 P.S. § 780-113(a)(30) ("PWID"),[3] thereby rendering Melvin ineligible to

---

[2] Pursuant to section 481.121:

> (a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana.

> (b) An offense under Subsection (a) is:

> > (4) a felony of the third degree if the amount of marijuana possessed is 50 pounds or less but more than 5 pounds.

Texas Health and Safety Code § 481.121(a), (b)(4).

[3] Section 780-113 establishes several offenses proscribing the delivery of controlled substances.  ***See e.g.***, 35 P.S. § 780-113(a)(1), (30), (32), (33), (36).  To establish the offense of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it.  ***Commonwealth v. Jones***, 874 A.2d 108, 121 (Pa. Super. 2005).

possess a firearm under section 6105(c). **See** Trial Court Opinion, 10/3/19, at 7-8.

Melvin contends that the trial court erred in concluding that the Texas offense was equivalent to PWID because "of the most fundamental difference—PWID requires an intent to deliver or manufacture." Melvin's Brief at 5. He further argues that, because "the Texas statutory scheme has separate offenses for Possession of Marijuana and Delivery of Marijuana, "[a]ny reliance on the specific facts of the Texas offense to create equivalency is misguided." **Id.**[4] According to Melvin, the Pennsylvania equivalent of his Texas conviction is 35 P.S. 780-113(a)(16) (possession of a controlled substance).[5] Melvin points out that both the Texas law, section 481.121, and

_____

[4] **Compare** Texas Health and Safety Code § 481.121, **supra**, to Texas Health and Safety Code, § 481.120, which provides a person commits the offense of delivery of marihuana if "the person knowingly or intentionally delivers marihuana."

[5] Pursuant to section 780-113(a)(16), a person is guilty of possession of a controlled substance when:

> Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16).

the Pennsylvania law, section 780-113(a)(16), merely require the knowing or intentional possession of marijuana.

We agree with Melvin that his Texas conviction for possession of marijuana under section 481.121 is the equivalent of possession of a controlled substance under 35 P.S. § 780-113(a)(16), rather than PWID under 780-113(a)(30). However, this distinction does not entitle him to relief. The critical inquiry under the Uniform Firearms Act, 18 Pa.C.S.A. § 6105(c)(2) is (1) whether the out-of-state conviction is equivalent to an offense under the CSA; and (2) whether the out-of-state conviction was punishable by a term of imprisonment exceeding two years.[6] In our view, Melvin's Texas conviction met both of these Pennsylvania requirements. First, it was equivalent to a possessory violation under the CSA; namely, 35 P.S. § 780-113(a)(16).[7]

_____

[6] We conclude that the phrase "that may be punishable by a term of imprisonment exceeding two years" modifies offenses under any equivalent federal statute or any equivalent statute of any other state, as well as offenses under the CSA. If the General Assembly intended that phrase to modify only offenses under the CSA, section 6105(c)(2) would have stated: A person who has been convicted of an offense under the CSA that may be punishable by a term of imprisonment exceeding two years, or an offense under any equivalent federal statute or equivalent statute of any other state. However, as written, the two-year imprisonment provision applies to offenses under the CSA as well as equivalent offenses under federal statutes or other state statutes.

[7] In the instant matter, the Commonwealth and the trial court presumably believed that the phrase "that may be punishable by a term of imprisonment exceeding two years" only modifies offenses under the CSA. Notably, in Pennsylvania, the mere possession of marijuana constitutes a violation of 35 P.S. § 780-113(a)(16), which is a misdemeanor punishable by a term of

Second, the Texas offense was punishable by a "term of not . . . less than 2 years." Tex. Penal Code Ann. § 12.34. Thus, we affirm the trial court's determination that Melvin was a prohibited person under Pennsylvania law and that he violated 18 Pa.C.S.A. § 6105(a)(1) by carrying a firearm.[8]

In his final issue, Melvin contends that the trial court abused its discretion in imposing an aggregate prison sentence of four to ten years. This claim presents a challenge to the discretionary aspects of Melvin's sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.[A.] § 9781(b).

---

imprisonment not exceeding one year. *See id*. § 780-113(b). Given that section 780-113(a)(16) is not an offense which is punishable by a term of imprisonment exceeding two years, as required for a conviction under 18 Pa.C.S.A. § 6105(c)(2), the Commonwealth appears to have advocated that Melvin's mere possessory offense in Texas was the equivalent to the Pennsylvania offense of PWID under section 780-113(a)(30), which carries a longer term of imprisonment depending on the type of controlled substance involved. *See id*. § 780-113(f).

[8] We may affirm the trial court on any valid basis appearing of record. *See Commonwealth v. Moore*, 937 A.2d 1062, 1073 (Pa. 2007).

*Id*. (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa. Super. 1997); **see also Commonwealth v. Tuladziecki**, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Melvin filed a timely notice of appeal, filed a timely post-sentence motion, and included in his appellate brief a separate Rule 2119(f) statement. However, the Commonwealth asserts that Melvin waived his discretionary sentencing claim for numerous reasons, including the fact that he did not preserve the claim at sentencing or in his post-sentence motion. **See** Commonwealth's Brief at 4. We agree, because Melvin did not preserve the specific discretionary sentencing claim which he now presents for our review.

In his Rule 2119(f) statement, Melvin raised a single claim that "the lower court failed to weigh his rehabilitative needs and mitigating evidence against the remaining factors in [42 Pa.C.S.A.] 9721(b)." Melvin's Brief at 6.

However, Melvin did not raise this particular claim in his post-sentence motion. There he argued that the trial court should reconsider the sentence imposed based on mistakes the trial court made when it announced the sentence, and purported inaccuracies in statements the Commonwealth made at sentencing. Specifically, Melvin asserted:

The court's sentence is not consistent with the principals outlined in the sentencing code and specifically, the sentence assigned was an abuse of discretion.

a. First, we note the record here indicated the trial court was not even fully cognizant of the sentence it actually was handing down, and were it not for the Commonwealth's insistence that the court retake the bench and clarify, the sentence would have been essentially time served, and not the years it ended up being.

b. At sentencing the court first stated [Melvin] was to be incarcerated for 48 hours to ten months. The court re-took the bench and stated 48 months was his intended minimum. Finally, the court re-took the bench again and stated that he intended to sentence [Melvin] to 48 months to ten years' incarceration.

c. The court and the Commonwealth's reasoning for recommending years of incarceration, go to issues simply not proven at trial: [Melvin] was acquitted on charges of possession with intent to deliver, [Melvin] was not found to be in possession of a loaded weapon, [Melvin] had not been convicted of delivery in Texas, and although [Melvin] had unpaid balances on his prior probation sentences, he was not being accused of substantive violations at the time of his arrest. In fact, the only argument of the Commonwealth to be factually accurate was that [Melvin] was on probation at the time he was arrested for these crimes.

d. The combination of the flaws in the court's statement of the sentence imposed (and thrice over correction) and the completely inaccurate statements by the Commonwealth in recommending such a sentence to the court, results in a substantial question as to the appropriateness of the sentence, and the court should reconsider the sentence finally assigned in light of these facts. We would urge the court to consider a sentence more aligned with the recommendations of defense counsel.

Melvin's Post-Sentence Motion, 3/17/19, at 5-6 (unnecessary capitalization omitted).

Nowhere in Melvin's post-sentence motion did he argue that the trial court failed to weigh his rehabilitative needs or consider mitigating evidence

or other sentencing factors. Accordingly, Melvin failed to preserve this claim for our review. **See Moury**, 992 A.2d at 170.

Having concluded that no relief is due on any of Melvin's claims, we affirm his convictions. However, given our determination that Melvin's Texas conviction for possession of marijuana under section 481.121 is the equivalent of possession of a controlled substance under 35 P.S. § 780-113(a)(16), rather than PWID under 780-113(a)(30), we vacate the judgment of sentence and remand to the trial court to determine whether our disposition impacts Melvin's prior record score and offense gravity score, and whether any reduction in those scores requires resentencing.

Convictions affirmed, judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *9/30/2020*