J-S03013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
ANDERSON DWAYNE GREGG　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　:　No. 12 WDA 2021

Appeal from the Judgment of Sentence Entered September 14, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002392-2019

BEFORE:　LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:　　　　　　**FILED: MAY 26, 2022**

Anderson Dwayne Gregg appeals from the judgment of sentence, entered in the Court of Common Pleas of Fayette County, following his conviction of possession of firearm prohibited.[1]  After review, we affirm.

On July 28, 2019, at approximately 4 a.m., in Uniontown, Fayette County, Pennsylvania, Officer Raymond Miller received a dispatch[2] regarding

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] While the reason for the dispatch was not presented to the jury, the police were responding to 9-1-1 calls that a black SUV had been involved in a shooting.  As a result, Gregg was initially charged with attempted criminal homicide, 18 Pa.C.S.A. § 901(a), simple assault, *id.* at § 2702(a)(2), aggravated assault, *id.* at § 2702(a)(4), and recklessly endangering another person, *id.* at § 2705.  These charges were dismissed following Gregg's preliminary hearing.

a black SUV.  Officer Miller proceeded to the intersection of Wayne Street and Persching Avenue, where he first observed a black GMC Acadia.[3]  Officer Miller followed the vehicle, which was travelling at a high rate of speed, and observed it run a stop sign.  Officer Miller activated his police cruiser's overhead lights and siren and effectuated a traffic stop in front of a residence at 46 Lemon Street.

The driver and sole occupant, later identified as Gregg, immediately exited the vehicle and walked towards the trunk of the vehicle.  Officer Miller exited his vehicle, drew his firearm, and directed Gregg to put his hands on the vehicle and to stop moving.  After other officers arrived on scene, they saw, in plain view, a Ruger Mini 14 .223 caliber rifle, barrel down, beside the center console, on the passenger side of the vehicle.

Ultimately, Gregg was arrested, his hands were covered with paper bags, and he was placed in the back of a police cruiser.  Gregg was transported to the police station.  The vehicle was towed to the police station, where it remained under surveillance.  At some point that morning, police acquired a search warrant for the vehicle and, while conducting the search, located a Hi Point model CF380 handgun, as well as an empty magazine and eight undischarged cartridges.  The handgun, loaded with a live round in the chamber, was found on the passenger side floorboard.  During this search, the police similarly discovered that the Ruger Mini rifle was loaded with a live

---

[3] The vehicle was registered to Gregg's brother, Keith Thomas.

round in the chamber. During their investigation, it was determined that Gregg had been previously convicted of robbery and burglary in 2003, which made him ineligible for a concealed carry permit, and also deemed him a person not to possess a firearm.

The police then applied for, and secured, a separate search warrant for the purpose of detecting gunshot residue (GSR) on Gregg's person. The police swabbed, *inter alia*, the fronts and backs of Gregg's hands for GSR. The swabs were packaged and sent to the Pennsylvania State Police (PSP) Harrisburg Regional Crime Laboratory. Christina Fialkowski, a forensic scientist,[4] analyzed the GSR swabs and determined that characteristic GSR was present on the back of Gregg's left hand, and no characteristic GSR was present on the front of his left hand or on his right hand. Fialkowski also identified particles indicative of GSR present on both of Gregg's hands, as well as his face.

The police sent the recovered firearms, magazines, and ammunition to the PSP Bureau of Forensic Services for DNA testing. Ashley Mangan, a forensic serology scientist in the PSP Forensic Lab,[5] examined the items and collected samples. Mangan then sealed the samples and sent them to the PSP

---

[4] Fialkowski was certified as an expert in GSR analysis. N.T. Jury Trial (Day 2), 9/9/20, at 82.

[5] Mangan was certified as an expert in serology. *Id.* (Day 1), 9/8/20, at 52.

DNA Laboratory, where they were tested by Makayla Shaffer,[6] a DNA scientist at the PSP DNA Laboratory. Shaffer's tests revealed that there was not enough DNA to interpret on the firearms.

The firearms were also examined by Sergeant Richard Podbielski,[7] who examined the firearms for toolmarks and operability. Sergeant Podbielski determined that both the Ruger Mini 14 .223 caliber rifle and the Hi Point model CF380 handgun were fully functional and capable of discharging ammunition.

During the investigation, the Commonwealth consulted Randy Mocello,[8] a fingerprint expert, for the purpose of examining the firearms for fingerprints. Mocello ultimately concluded that there were no latent fingerprints on either firearm.

Gregg was charged with two counts each of possession of firearm prohibited and possession of weapon,[9] and one count of carrying a firearm without a license.[10] One count each of possession of firearm prohibited, possession of weapon, and carrying a firearm without a license were related

---

[6] Shaffer was certified as an expert in DNA profiling analysis. *Id.* at 64.

[7] Podbielski was certified as an expert in firearms and toolmarks. *Id.* (Day 2), 9/9/20, at 104.

[8] Mocello is a retired Pennsylvania State Police officer who had worked in the PSP's Crime Laboratory. *Id.* (Day 1), 9/8/20, at 30-32. Mocello was certified as an expert in latent fingerprint examinations. *Id.* at 33.

[9] 18 Pa.C.S.A. § 907(b).

[10] *Id.* at § 6106(a)(1).

to the Hi Point model CF380 handgun, and the remaining counts of possession of firearm prohibited and possession of weapon were related to the Ruger Mini 14 .223 caliber rifle.

On September 10, 2020, a jury convicted Gregg of a single count of possession of firearm prohibited with relation to the Ruger Mini 14 .223 caliber rifle, and acquitted Gregg of the offenses relating to the Hi Point model CF380 handgun. The two charges of possession of weapon were *nolle prossed*.

On September 14, 2020, the trial court sentenced Gregg to a term of five to ten years' imprisonment, and to pay costs and fines. On September 16, 2020, Gregg filed a post-sentence motion, and subsequently filed for leave to amend his post-sentence motion, which the trial court granted. Gregg filed a timely amended post-sentence motion, and, on December 2, 2020, the trial court denied Gregg's motion.

Gregg, then represented by Peter J. Daley, Esquire, filed a timely notice of appeal.[11] The trial court ordered a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, before Attorney Daley complied, he filed an application to withdraw due to a breakdown in the attorney-client relationship. The trial court granted Attorney Daley's application to withdraw and, on January 8, 2021, appointed Michael P. Ford,

---

[11] Gregg purports to appeal from the order denying his post-sentence motion; however, "[i]n a criminal action, [an] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) (citation omitted). Instantly, Gregg's judgment of sentence was entered on September 14, 2020.

Esquire, to represent Gregg on appeal. Attorney Ford then filed a Rule 1925(b) concise statement.

Gregg now raises the following claims for our review:

[1.] Whether the Commonwealth failed to meet its burden of proof beyond a reasonable doubt of each element of the crime of possession of a firearm prohibi[t]ed 18 Pa[.]C.S.A. [§] 6105[](a)(1)?

[2.] Whether the Commonwealth failed to meet its burden of proof beyond a reasonable doubt that the subject firearm was found on [Gregg]'s person?

[3.] Whether the Commonwealth failed to meet its burden of proof beyond a reasonable doubt that [the vehicle] was registered to [Gregg] and not [Gregg]'s brother?

[4.] Whether the Commonwealth failed to meet its burden of proof beyond a reasonable doubt that [Gregg]'s fingerprints or DNA were found on the subject firearm?

[5.] Whether the Commonwealth failed to meet its burden of proof [] regarding characteristic [GSR] particles being found on [Gregg?]

Brief for Appellant, at 7 (renumbered).

All five of Gregg's claims challenge the sufficiency of the evidence for his section 6105 conviction. We address Gregg's claims together for ease of disposition and because he does so in his brief. We adhere to the following standard of review:

[W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of

innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Orr*, 38 A.3d 868, 872-73 (Pa. Super. 2011) (en banc)

(internal citations, quotation marks, and emphasis omitted).

Section 6015 of the Pennsylvania Uniform Firearms Act provides, in

relevant part, as follows:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer[,] or manufacture or obtain a license to possess, use, control, sell, transfer[,] or manufacture a firearm in this Commonwealth.

* * *

**(b) Enumerated offenses.--**The following offenses shall apply to subsection (a):

* * *

Section 3502 (relating to burglary)

* * *

Section 3701 (relating to robbery)

18 Pa.C.S.A. §§ 6105(a)(1), (b).

An individual commits an offense under section 6105 "if the individual (1) possessed, used, controlled, sold, transferred, or manufactured a firearm (or obtained a license to do any of the foregoing activities); and (2) has been convicted of a specific type of offense listed in Section 6105(b)[.]" *Commonwealth v. Greenlee*, 212 A.3d 1038, 1045 (Pa. Super. 2019).

An individual can possess a firearm either physically or constructively. Regarding constructive possession, we are guided by the following:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference[,] arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012).

Instantly, Gregg had prior disqualifying convictions of burglary and robbery. *See* 18 Pa.C.S.A. § 6105(b); *see also* N.T. Jury Trial (Day 2), 9/9/20, at 57-59 (Commonwealth admitted evidence of Gregg's burglary and robbery convictions). Additionally, the testimony reveals that Gregg was the sole occupant of the vehicle. *See* N.T. Jury Trial (Day 1), 9/8/20, at 21-23. Officer Miller and Detective Holland both testified that Gregg was stopped for traffic violations and, following his arrest and a search of the vehicle, the police

located the Ruger Mini rifle positioned, barrel-down, adjacent to the center console on the passenger side of the vehicle. *See* N.T. Jury Trial (Day 1), 9/8/20, at 21, 23-25 (Officer Miller testifying regarding traffic violations and position of Ruger Mini); *id.* (Day 2), 9/9/20, at 28 (Detective Holland describing position of Ruger Mini). The Ruger Mini rifle was clearly visible from outside and inside of the vehicle. *Id.* (Day 2), 9/9/20, at 28.

Our review of the record reveals that, in the light most favorable to the Commonwealth, the Commonwealth presented sufficient evidence to sustain Gregg's conviction.[12] *Greenlee*, *supra*; *Brown*, *supra*. The highlighted facts above demonstrate that Gregg constructively possessed the Ruger Mini rifle, and that Gregg had two disqualifying convictions, which prevented him from lawfully possessing that firearm. *See Brown*, *supra*; 18 Pa.C.S.A. § 6105(a)(1), (b). Accordingly, we affirm.

Judgment of sentence affirmed.

_____

[12] Regarding Gregg's claim that the Commonwealth failed to prove the firearm was on his person, this argument is of no moment, because the Commonwealth may prove possession via constructive possession, as discussed above. *See Brown*, *supra*. Additionally, Gregg's claim regarding the GSR, DNA, and vehicle registration are equally unpersuasive, because section 6105 does not require the Commonwealth to prove these as elements. 18 Pa.C.S.A. § 6105(a)(1). While these may be considered as factors in determining constructive possession, they are not dispositive in the instant case because, as discussed above, sufficient evidence exists to sustain Gregg's conviction. *See Greenlee*, *supra*; *Brown*, *supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/26/2022